JAMES D. MEAGHER, RESPONDENT, *v.* THE COUNTY OF STOREY, APPELLANT.

POWERS OF COMMITTING MAGISTRATES JUDICIAL. The power sought to be conferred upon City and Town Recorders, by section thirty-eight of the Act concerning Courts of Justice, (Stats. 1864–5, 116) to "exercise the duties of *Committing Magistrates*," etc., is completely-judicial in its character.

CONSTITUTIONAL JURISDICTION OF MUNICIPAL COURTS. Section nine, article six, of the Constitution, as to the power which may be conferred upon Municipal Courts is restricted by section one of the same article, by which the jurisdiction of such Courts cannot be extended beyond municipal purposes.

"MUNICIPAL PURPOSES," WHAT. The words "municipal purposes only," as used in section one, article six, of the Constitution, restrict the jurisdiction to be exercised by Municipal Courts to such matters as relate to the affairs of the incorporated cities or towns where alone they are authorized to be established.

Meagher *v.* The County of Storey.

CITY RECORDERS CANNOT BE MADE COMMITTING MAGISTRATES. Section thirty-eight of the Act concerning Courts of Justice, (Stats. 1864–5, 116) in so far as it authorizes City and Town Recorders "to possess the powers and exercise the duties of Committing Magistrates," etc., is unconstitutional and void.

OFFICIAL SERVICES UNDER UNCONSTITUTIONAL STATUTES. Where an officer performed services under an unconstitutional Act: *Held,* that such services were gratuitous and no compensation could be recovered therefor, on the principle that the right to the salary or compensation of an office depends upon the title to such office.

INDIRECT TRIAL OF RIGHT TO OFFICE. In an action by a City Recorder for fees for services performed under an Act claimed to be void: *Held,* that the constitutionality of the Act could be inquired into, though it might be indirectly trying plaintiff's right to the office.

CONSTITUTIONALITY OF STATUTES INVOKED ALWAYS ISSUABLE. The constitutionality of a statute, under which any right is claimed in action, may always be inquired into.

VALIDITY OF ACTS OF DE FACTO OFFICERS. Acts performed by a City Recorder as a Committing Magistrate, though the statute authorizing him to so act is unconstitutional and void, are to be regarded as acts of a *de facto* officer, and valid as to third persons and the public.

DE FACTO OFFICERS CANNOT RECOVER FOR SERVICES. The considerations which support and validate the acts of officers *de facto* do not go so far as to authorize the recovery by them of payment for services performed as such.

APPEAL from the District Court of the First Judicial District, Storey County.

The services of plaintiff, for which this suit was brought, were performed between October 20th, 1866, and May 15th, 1867, inclusive. There was judgment for the plaintiff in the Court below, which at the time was presided over by the Judge of the Third Judicial District.

*E. W. Hillyer,* for Appellant.

I. The Act of the Legislature, conferring on City Recorders the power to examine and commit, in cases beyond their jurisdiction to try, is unconstitutional. Section nine of article six of the Constitution gives the Legislature the power to fix the jurisdiction of any Municipal Court that may be established in pursuance of section one; but the latter section is unequivocal that Municipal Courts can be established only for municipal purposes. In putting a con-

struction on the two sections, every part of the Constitution should be regarded, and it should be so interpreted as to give effect to every part.

It is taken for granted that the word "municipal," in section one, is used in its restricted sense, as relating to cities, and not in that broad sense by which it may be made to include all State laws, as contradistinguished from international law.

Municipal purposes are those purposes for which the city government of a city is organized—purposes which relate to the community organized into a city, as distinguished from those which relate to the whole State.

Would it be contended that the Legislature could confer on City Recorders jurisdiction concurrent with Justices of the Peace, in civil cases? Yet, unless the jurisdiction of Recorders is confined to purposes strictly and *only* municipal—to the trial of those causes which are peculiar to a city—this might be done as properly as to give them jurisdiction over criminal cases arising under the laws of the State not peculiarly municipal, but affecting the community of the whole State.

II.   But should this power to examine and commit be determined to have been properly conferred, still in no event can the City Recorder of Virginia charge or recover from the County of Storey any fees for services as Committing Magistrate. (Const., Art. XVII, Sec. 21; Stats. 1864–5, 116, Sec. 37; 217, Sec. 36; 218, Sec. 40.)

The power to examine and commit is either a municipal purpose, or it is not; if it be, the plaintiff under the law cited can receive no fees for its exercise; if it is not, then the Legislature could not confer it upon him.


*Mitchell & Stone*, for Respondent.


I.   Without discussing the constitutionality of the statute, under which plaintiff claims to recover, we submit that its constitutionality cannot arise in this case for the following reasons :

1st, the question cannot be raised collaterally; 2d, the duties performed and services rendered were done and performed by him as an officer *de facto*, (conceding the law unconstitutional) and

therefore valid; 3d, the acts done being valid, plaintiff is entitled to recover from defendant; and it having received the benefit of the services, cannot now plead or raise the question of constitutional authority.

In the discharge of his duties as a Committing Magistrate, plaintiff acted as such, under color of authority by express legislative enactment, and his acts were valid as a Committing Magistrate *de facto*. The acts of *de facto* officers are valid. (*People* v. *Sassovich*, 29 Cal. 485 ; *Mallett* v. *Uncle Sam Co.*, 1 Nev. 188.)

Again : In this case appellant contends that plaintiff had no right to exercise the functions of a Committing Magistrate, because the act is unconstitutional—thereby attempting in a collateral manner to determine the title to that office during the period alleged in the complaint. Respondent insists that the services having been performed under authority expressly given by the Legislature, and the county having received the benefit of those services, he is entitled to recover, and that the judgment of the Court below should be affirmed. (*People* v. *Morris*, 3 Denio, 382 ; *Tucker* v. *Mayor, etc., of Virginia City*, 4 Nev. 20.)

II. Appellant next says, that in no event can the Recorder of Virginia charge or recover from the County of Storey any fees for services as Committing Magistrate. It is true that the city charter limits the salary of the Recorder to a certain sum—that is, for his services as Recorder: but if the Legislature imposed jurisdiction of cases of violations and infringements of the State laws, it is clearly beyond the power of the Board of Aldermen to say he shall not receive compensation for such services.

*E. W. Hillyer*, for Appellant, in reply.

The rule that the acts of an officer *de facto*, when they concern the public or a third person, are valid, and that his right to perform those acts cannot be inquired into in a collateral proceeding to which he is not a party, cannot be invoked in this case, because the respondent is a party to this suit, and in his complaint has tendered a direct issue upon his right to act as Committing Magistrate and to receive pay from Storey County therefor. To say that the

defendant cannot question the truth of this allegation is to deny it the right of defense. (*People ex rel. Morton* v. *Tieman*, 8 Abbott's P. R. 359.)

Again: Respondent seeks to avoid the statutes prohibiting the City Recorder from receiving these fees, by claiming that the services were performed not as Recorder but as Committing Magistrate. This position is untenable: the power to examine and commit is conferred generally on all City Recorders. Does the increase of jurisdiction create a new office ?

By the Court, LEWIS, C. J.:

Plaintiff, who was the only qualified and acting Recorder for the City of Virginia, performed certain duties as a Committing Magistrate, imposed upon him by an Act of the Legislature, entitled " An Act concerning the Courts of Justice of this State and Judicial Officers," (Stats. 1864–5, 116) and now brings this action to recover the sum of five hundred and eighty dollars, claimed to be due for the services so imposed upon and performed by him. The law imposing these duties fixes no compensation for their performance, but the same fees are claimed by plaintiff that are allowed to Committing Magistrates for the like services.

Whilst not disputing the correctness of the charges thus made, the defendant contends that the law authorizing the plaintiff to perform the services is unconstitutional and void, and consequently that no compensation can be received.

The law in question, after conferring jurisdiction upon Recorders to hear and determine certain cases, declares in section thirty-eight, that: "The Recorder shall possess the powers and exercise the duties of Committing Magistrate in the criminal cases in which the Courts held by them have no jurisdiction, by this Act; and as such Magistrates, they may examine, commit, or discharge all persons brought before them, as the justice and law of the case may require." The services for which judgment is here sought were performed under this section. There can be no question that the power thus conferred upon the Recorder is as much and completely judicial in its character as the full hearing and determination of any cause of

action possibly could be.  Nor is this proposition denied or questioned by counsel for respondent.  We may therefore proceed at once to the inquiry whether the Legislature possessed the authority to confer upon Recorders the right to perform these duties; or rather, to clothe them with the general judicial functions of Committing Magistrates.  The Constitution (Art. VI, Sec. 1) confides all the judicial power of the State to " a Supreme Court, District Courts, and Justices of the Peace."  And the same section provides further that: " The Legislature may also establish Courts for *municipal purposes only*, in incorporated cities and towns;" and section nine of the same article declares that: " Provision shall be made by law prescribing the powers, duties, and responsibilities of any Municipal Court that may be established in pursuance of section one of this article; and also fixing by law the jurisdiction of said Courts so as not to conflict with that of the several Courts of Record."  The provisions of the last section are undoubtedly restricted by those of section one, and both being considered together, as they must be, it is evident that the last section only authorizes the Legislature to regulate the jurisdiction of Recorders within the limits prescribed in section one, without empowering it to extend such jurisdiction beyond the scope of municipal purposes.

These are the only sections of the Constitution bearing upon this question, and it will be observed that whilst the Legislature is authorized by the first section to establish Courts other than those established by the Constitution itself, still the jurisdiction to be conferred upon them is emphatically limited to municipal affairs.  " For municipal purposes only " clearly restricts the jurisdiction to be exercised by them, when created, to such matters as relate to the affairs of the incorporated cities or towns where alone they are authorized to be established.

Municipal purposes as here used can have no other signification.  But section thirty-eight of the law referred to unmistakably gives to the several Recorders of the State all the authority of a Committing Magistrate; the jurisdiction and right to examine and hold to answer all offenders upon charges for the violation of the general criminal laws of the State—a jurisdiction entirely beyond that which the Constitution authorizes the Legislature to confer upon them.

17

To examine and commit for offenses committed against the criminal laws of the State; that is, to discharge the general functions of a Committing Magistrate—cannot possibly be held to be the exercise of jurisdiction for municipal purposes. So the law imposing upon or authorizing the plaintiff to perform such duties is in conflict with the constitutional restraint imposed by section one above referred to.

Such being the case, it follows that he can derive no advantage from such law, for an unconstitutional law is no law at all. It is, so far as he is concerned, as if it had never been adopted by the Legislature.

The plaintiff then had no legal authority to perform the services for which this action is brought, and without it, his services must be held to be simply gratuitous, for which no compensation can be recovered ; for the right to the salary or compensation of an office depends upon the title to such office, and cannot be recovered by one who is simply an officer *de facto*. (*Stratton* v. *Oulton*, 28 Cal. 44.)

That the constitutionality of the Act under which the services were performed cannot be inquired into in a proceeding of this kind, because indirectly trying the plaintiff's right to the office held by him, is a proposition utterly untenable. He is a party to this proceeding, claiming the right to recover fees for services rendered under a certain law, which he invokes as the authority under which they were performed. If there were no such law, unquestionably the defendant could rely upon that fact as a defense. Such is virtually the defense now relied on ; for although it is admitted the Legislature passed an Act authorizing the performance of the services, still it is shown that such Act is null and void, which is tantamount to the entire absence of law or action on the part of the Legislature. A law which is in conflict with the fundamental law of the State is no law, and therefore that it is so in conflict is as available in defense as that no law whatever had been adopted. The nullity of the law is a complete defense to the recovery of the fees, and the only manner in which it can be interposed is that assumed in this case. To hold that the constitutionality of the Act cannot be inquired into would be to deny the right of defense to

the action.    The constitutionality of an Act under which any right is claimed in an action may always be inquired into, and we see no good reason why it should not be done in this case, when the unconstitutionality of the law is a perfect defense to the plaintiff's right of recovery.

Counsel is doubtless correct in the position that the plaintiff is an officer *de facto,* and that as such his acts are valid.    They are valid, however, only as to third persons and the public.    This is a rule founded upon considerations of public interest.    (*Mallett* v. *Uncle Sam S. M. Co.,* 1 Nev. 188.)    But the public interest does not require that the officer acting without authority should reap benefit from his position.    The considerations which support and validate the acts of an officer *de facto* do not go so far as to require the payment of fees to such officer for services so performed.    No Court has ever gone farther in this direction than to hold that acts performed by public officers are valid as to the public ; they have not held that they themselves may in a direct proceeding of this kind recover any benefits from them.

*The People* v. *Morris,* (3 Denio, 382) referred to is not a parallel case, for the Legislature made provision for the payment of Lynch after the unauthorized services were performed, which, the Court held, it had the right to do.    Hence, the question of the legality or illegality of Lynch's services could not regularly be raised in that case.    His payment was provided for, notwithstanding the services were unauthorized when performed.    Such is not the case here. The plaintiff is suing to recover the services rendered under a void law, with no subsequent Act of the Legislature authorizing his payment for services so rendered ; and thus he is left with nothing but an unconstitutional law upon which to rest his claim for the money sought to be recovered.

The judgment, which was in his favor, must be reversed ; and it is so ordered.

WHITMAN, J., did not participate in the foregoing decision.