ELLEN BIGBY AND GUS HARRIS v. CITY OF TYLER.

JURISDICTION OF MAYORS.—The Constitution of 1869 provides for only five justices of the peace in each county, and makes no reference to a mayor, and since its adoption a mayor of a city is not *ex officio* a justice of the peace, and his authority is limited to such grant of power as may be contained in the charter of incorporation under which he acts, and to such laws as may relate to him as mayor, and not as a justice of the peace.

*Habeas Corpus.*—The relators, Bigby and Harris, complained of illegal arrest and detention under a *capias* issued by the mayor of the city of Tyler, charging them with keeping a house of public prostitution in the city of Tyler.

The city marshal, in his return, set up proceedings insti-
tuted before the mayor of the city of Tyler, and a *capias*
by him issued, under which the marshal held the relators
in custody.

No briefs filed.

ROBERTS, CHIEF JUSTICE.—The prisoners have been tried
and convicted before the mayor of the city of Tyler for an
offense prescribed by the code, to wit, for keeping a house
for public prostitution, fined fifty dollars each and costs,
and ordered "to remain in the hands of the city marshal
until the fine and costs are paid." Their discharge is asked
upon the ground that the judgment of conviction for said
offense is a nullity.

It is proposed to do but little more than to state our con-
clusions.

The fine imposed under the city ordinance for this offense
is an amount not exceeding one hundred dollars.

The Code of Criminal Procedure made mayors of cities
magistrates, and formerly they exercised the powers of jus-
tices of the peace in the trial of criminal offenses. (Paschal's
Dig., arts. 2519, 2532.)

By the code originally they were expressly given juris-
diction to try cases of vagrants and disorderly persons.
(Paschal's Dig., art. 2528.)

An amendment of the code places the penalty above the
jurisdiction of a justice of the peace for a final trial, the fine
being not less than one and not more than five hundred
dollars.    (Paschal's Dig., art. 2029.)

The Constitution of 1869 provides for only five justices of
the peace in each county, and makes no reference to a mayor.
This court has held that a mayor of a city, since the adop-
tion of that Constitution, is not a justice of the peace, and
that his authority is limited to such grant of power as may
be contained in the charter of incorporation under which he

acts, and to such laws as may relate to him as mayor and not as a justice of the peace, as was formerly the case.

We find in the act of incorporation of the city of Tyler no authority granted to the mayor to try this offense and render a final judgment, as was done in this case. It is a case properly cognizable by the Criminal Court of the city of Tyler, and the defendants may be proceeded against as in any other case of which that court has jurisdiction.

The prisoners must therefore be discharged and judgment entered accordingly.

RELATORS DISCHARGED.