SAMUEL HOLMES ET AL. v. THE STATE.

44  631
38a 657
38a 670
38a 673

1. JURISDICTION OF MAYOR'S COURT.—The Constitution of 1869 pro-
   vided for five justices of the peace, to be elected for the five justices'
   precincts in each county.  This excluded the idea of the mayor being
   ex officio a justice of the peace, either under the general law or under
   a special act incorporating a city and conferring jurisdiction.
2. SAME.—The act of 26th May, 1873, (Gen. Laws 13th Leg., p. 99,)
   amending the general incorporation act and repealing the 24th sec-
   tion of same, (Paschal's Dig., art. 5270,) may be considered a legis-
   lative interpretation of the Constitution, and applying equally to
   cities incorporated by special acts as to those incorporated under the
   general laws.
3. SAME.—A mayor has no jurisdiction to sit as an examining court, or
   to hold to bail to answer for a felony.  A bail bond executed before
   a mayor in such proceedings is a nullity.

APPEAL from Fayette.    Tried below before the Hon. I. B. McFarland.

Holmes was indicted for theft from a house.    Failing to appear, his bail bond was forfeited.    *Scire facias* being served on his sureties, they answered that the bail bond had been taken under an examination had before the mayor of the town of La Grange.

Judgment final was rendered against Holmes and his sureties, and they appealed.

On the trial it appeared that Holmes had been held to bail by the mayor of La Grange, who, by the special act of incorporation of the town, was *ex officio* justice of the peace.

*Moore & Ledbetter,* for appellants.

*George Clark, Attorney General,* for the State.

*Timmons & Brown,* also for the State.

ROBERTS, CHIEF JUSTICE.—The question in this case is, has the mayor of La Grange the right, under the Constitution and laws of Texas as they now exist, to exercise the powers of a justice of the peace in issuing a warrant of arrest, and binding over a party under a bond for his appearance in the District Court of the county of Fayette, upon a charge of theft from a house?

The act of incorporation passed in 1856 gave to the mayor of La Grange such powers.

The Constitution of 1869 provides for five justices of the peace in each county, to be elected for the five precincts. That excludes the idea of the mayor being *ex officio* a justice of the peace, either under the general law, as contained in the code, or under the special law of incorporation.

This power, conferred by the general law authorizing the incorporation of any city or town by the acts of its own citizens passed in 1858, (Paschal's Dig., art. 5270,) was taken away from such cities and towns by a repealing clause in the amendatory act of 1873.    (13th Leg., p. 99, sec. 3.)

Though this may not apply to the act of incorporation of La Grange, as it does not in terms, it shows the legislative construction of the Constitution of 1869 in restricting the powers of mayors as previously authorized under the laws of this State. There could be no greater reason for preventing mayors, acting under the general act for creating municipal corporations, from exercising the powers of justice of the peace, than mayors who derived their authority from special laws of incorporation, as in the case of the mayor of La Grange.

The mayor, therefore, had no jurisdiction of the case of theft from a house with which the defendant was charged, and no right to require him to give a bond, and for that reason the bond was not one upon which a judgment of forfeiture could be rendered.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.