## J. H. BINGHAM v. THE STATE.

1. QUÆRE.—If the same act be an offense against a municipal ordinance, as well as against the laws of the state, and the offender be convicted and punished under the ordinance, can he be afterwards punished under the law of the state?

2. EVIDENCE—LIMITATION.—A conviction will be set aside by this court when the evidence shows, though inadvertently, that the indictment was not found within the time limited by law for the prosecution of the offense.

Appeal from the Criminal District Court of McKinney, in the county of Collin. Tried below before Richard Maltbie, Esq., special judge.

The case is stated in the opinion.

*Throckmorton & Brown & Bro.*, for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

Ector, P. J. The defendant was indicted for an aggravated assault; tried and convicted for a simple assault. He filed a motion for a new trial, which was overruled, and he has taken an appeal.

One of the errors assigned by him is that the court erred in excluding from the jury the transcript from the mayor's court of the corporation of McKinney, offered to sustain his plea of former conviction for the same offense for which he was then on trial.

The testimony, when offered, was objected to by the counsel for the state for the following reasons, viz.:

"1st. Because defendant has not plead a payment of the fine.

"2d. Because the mayor who tried the cause had no jurisdiction of the offense.

"3d. Because it appears from said copy that the cause was styled ' *The Corporation of the Town of McKinney* v. *John H. Bingham*,' and, it did not appear therefrom that any complaint under oath had been made against the defendant."

Which objections were sustained by the court, and to which rulings the defendant took a bill of exceptions. We suppose the objections were sustained upon the ground that the mayor had no jurisdiction of the offense.

The assistant attorney general, in his brief in support of

the action of the court, takes the position that the Constitution of 1869 repealed so much of all general and special laws as conferred upon mayors of incorporated cities and towns the jurisdiction of justices of the peace ; and he cites us to the decision of *Holmes* v. *The State*, 44 Texas, 631. And he further insists that the same act may constitute an offense against the city and the state, and both may punish the accused.

On the part of the defendant it is contended that the town of McKinney was organized under the act of January 27, 1858, of the state of Texas, one of the sections of which reads as follows : " The mayor of a town incorporated under the provision of this act shall have the same jurisdiction and power, in cases both civil and criminal, that are conferred on justices of the peace, and his judgments and final orders therein may be revised in the manner prescribed for revising such judgments and orders when made in such cases by a justice of the peace."

Our attention has also been called to Article 1, section 12, of the Constitution of 1869, which provides that " no person for the same offense shall be put in jeopardy of life, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty, and the right of trial by jury shall remain inviolate ;" and we are specially asked to decide this last point, as to whether a conviction or acquittal had in a mayor's court, for a violation of a city ordinance, is a bar to a prosecution by the state for the same offense under the state law. We have not had the time to give these questions that investigation which their importance demands, and have not been furnished with any authorities on the part of the defendant except those herein indicated.

Judge Cooley says : " Municipal by-laws must be in harmony with the general laws of the state, and with the provisions of the municipal charter. Whenever they come in conflict with either, the by-law must give way. The char-

ter, however, may expressly, or by necessary implication, exclude the general laws of the state on any particular subject, and allow the corporation to pass local laws at discretion, which may differ from the rule in force elsewhere. But in these cases the control of the state is not excluded if the legislature afterward see fit to exercise it; nor will conferring a power upon a corporation to pass by-laws and impose penalties for the regulation of any specified subject, necessarily supersede the state law on the same subject, but the state law and the by-law may both stand together if not inconsistent. Indeed, the same act may constitute an offense against both the state and the municipal coporation, and may be punished under both without violation of any constitutional principle." The same learned author says that, while the decisions are not uniform, the weight of authority is as laid down by him above.

From an examination such as we have been able to give of the authorities cited by him, favoring the position that the same act may constitute an offense against both the state and the municipal corporation, and may be punished under both without violating any provision of the Constitution, we think it will be found they hold that the ordinances and by-laws of a municipal corporation are mere police regulations for the order, peace, and morals of a particular community; and that the judicial power of the state over criminal cases is not interfered with by the exercise of mere police regulations of municipal corporations; and that the state is not called upon to suspend or arrest its own action, when its criminal laws have been violated, because such a violation carried with it an infraction of a by-law of a municipal corporation, which, as an offense under such by-law, has been made the subject of a fine ; and that, under the police power, persons disturbing the public peace, persons guilty of a nuisance, or obstructing highways, and the like offenses, may be tried and fined for a violation of the by-laws of a

corporation without any infraction of that part of the Constitution cited by the counsel for the defendant.

On the other hand, it has been held in some of the states that, where a municipal corporation was authorized to take cognizance of, and punish, an act as an offense against its ordinances—which was also an offense against the general laws of the state—and this power was exercised and the party punished, he could not afterwards be proceeded against under the state law. See the authorities cited by Mr. Cooley in notes to Cooley's Con. Lim. ·199.

As this case will be reversed on another point, we will not decide this question until we have had time carefully to examine these authorities, and such others as we may be able to find.

James W. Thomas is the only witness whose testimony, as given in the transcript, states the time when the assault upon him by the defendant was made. He says that it was " on the — day of 187—." Doubtless the attorneys who made up the statement of facts intended to insert the exact date, but omitted to do it. As there are two transcripts before us in the case in which the same blank occurs before the word " day, " and as the date is given alike in both, we are satisfied that the clerk has correctly copied the testimony of the witness as it appears in the statement of facts. Looking, then, alone to the statement of facts for the evidence, it appears therefrom that the offense of which the defendant was convicted was barred before the indictment was presented. The defendant was convicted of a simple assault. An indictment for a simple assault must be presented within one year from the commission of the offense.

The judgment is reversed and cause remanded.

*Reversed and remanded.*