JAMES H. MILLIKEN v. THE CITY COUNCIL OF THE CITY OF
WEATHERFORD.

(Case No. 1337.)

1. JURISDICTION — MANDAMUS.— The district court has original jurisdic-
tion to try the right to the office of mayor of an incorporated city,
such office being of the value of five hundred dollars, unless the
right thereto was *res adjudicata* by reason of the action of the
board of aldermen, and may enforce its judgment by *mandamus*.
2. DISTINGUISHED.— This case distinguished from Brannan *v.* The City
of Weatherford, 53 Tex., 330.
3. JURISDICTION — POWER OF ALDERMEN TO REMOVE A MAYOR.— The
statute (art. 3431, R. S.) which confers power on a board of alder-
men to remove a mayor, when in their judgment there is sufficient
cause for his removal, does not confer unlimited discretion, but can
be exercised only when he has committed an offense, recognized as
such by law.
4. CITY ORDINANCE.— An ordinance of a city which prohibits the rent-
ing of private property to lewd women or to any person for their
use, without regard to the use to be made by the lessee of the
premises, is a proscriptive denial of shelter to an unfortunate class,
null and void because in contravention of common right.
5. JURISDICTION — REMOVAL OF A MAYOR.— The act of a city council in
removing the mayor of the city because he had rented a house to a
lewd woman, was unauthorized and void.

APPEAL from Parker. Tried below before the Hon. A.
J. Hood.

*McCall & McCall* and *B. G. Bidwell,* for appellant.

*Jasper N. Haney,* for appellee.

I. The judgment and proceedings of the city council in
removing appellant from office was in strict conformity
to the statute providing for the removal from office of
mayors, etc.; that judgment is not void — cannot be col-
laterally attacked, as long as it remains unreversed by a
proceeding instituted for that purpose, and is a bar to
this suit. R. S., arts. 3425–33 (also 342); Const. of Texas,
art. V., sec. 1; High on Ex. Legal Rem., §§ 97, 152, 156,
189, 190.

II. A proceeding in the nature of *quo warranto* is the appropriate (and only adequate) remedy to restore one to a public municipal office from which he has been illegally ousted, and into which another may have illegally intruded himself. R. S., Appendix, p. 47; Brannan *et al. v.* The City of Weatherford, 53 Tex., 330; R. S., art. 342; High on Ex. Legal Rem., §§ 49, 77, 177, 188, 190; 22 Tex., 559; Dillon on Mun. Corp., §§ 678–80, 694, 713, 716, and note under sec. 380.

III. The city being a public municipal corporation, all the inhabitants thereof are interested in the office of mayor (see R. S., 342), and the city as such should have been made a party to this suit. There is no law for suing the "city council," and the suit at bar is neither a suit against the city nor can it affect the councilmen as such. Their act was the act of the city, and when questioned, the city itself must be sued. R. S., art. 342. There is great significance in the fact that the legislature has provided an adequate remedy, appropriate to such relief as appellant here claims, by statute in the nature of *quo warranto*.

BONNER, ASSOCIATE JUSTICE.— Appellant James H. Milliken, plaintiff below, being the mayor of the city of Weatherford, was in November, 1880, removed from office by the board of aldermen, sitting as a court, by virtue of the provisions of the Revised Statutes, arts. 3425–33.

Subsequently Samuel H. Milliken was elected and installed into office as his successor.

This suit is a proceeding by *mandamus* brought in the district court against Samuel H. Milliken and the board of aldermen composing the city council, to recover the office.

On the trial below a jury was waived, the cause submitted to the court on an agreed statement of facts, and

judgment was rendered against the plaintiff, from which this appeal is prosecuted.

It is conceded that appellant, James H. Milliken, was the duly elected, qualified and acting mayor of the city of Weatherford at the time of his removal from office, and it is alleged and shown by the testimony that the office was of the value of $500.

Under the issues as presented, the district court had jurisdiction to try the right to the office, and to enforce its judgment by *mandamus* if in favor of appellant Milliken, unless his right thereto was *res adjudicata* by reason of the judgment of the board of aldermen. Bradley *v.* McCrabb, Dallam, 506; Banton *v.* Wilson, 4 Tex., 400; Lindsey *v.* Luckett, 20 Tex., 516; McKinney *v.* O'Conner, 26 Tex., 5; The State *v.* De Gress, 53 Tex., 387.

Revised Statutes, art. 3424, provides that "the mayor and aldermen of any incorporated town or city may be removed from office for official misconduct, willful violation of any of the ordinances of such town or city, habitual drunkenness, incompetency, or for such other cause as may be prescribed by the ordinances of such town or city."

By article 3429, a majority of the aldermen constitute a court to try and determine the complaint against the mayor, one of their number to preside during the trial.

"If two-thirds of the members of the court present upon the trial of the case find the defendant guilty of the charges contained in the complaint, and find that such charges are sufficient cause for removal from office, it shall be the duty of the presiding officer of the court to enter judgment removing such mayor . . . from office, and declaring such office vacant; but should the party charged be not found guilty, judgment shall be entered accordingly."

A comparison of article 3424 with articles 493 and

3393–4, will show that a mayor may be removed not only for "official misconduct" generally, as defined by the Revised Statutes, but also for additional causes; among others, a willful violation of any of the ordinances of the town or city.

No right of appeal is given from this action of the board of aldermen sitting as a court, and that none was intended to be given would, by a familiar rule of construction, seem evident, as by articles 3410 and 3416, under the same title, the right of appeal in the cases of county and certain district officers is expressly given.

Conceding that the legislature could lawfully confer this jurisdiction on the board of aldermen, and that there was no right to revive their action by appeal, writ of error or *certiorari*, then their judgment would be final, unless it was subject to be impeached for some cause which would render it absolutely void.

If such cause exists, it could be shown by proceeding by *mandamus*, as one of the great objects of this writ is in a proper case to prevent the failure of justice and a defect of police, where there is no established specific remedy, and where in justice there should be one.    High on Ex. Legal Rem., § 1.

We are not prepared to say that appellant should have resorted to the proceeding in the nature of a *quo warranto* under our statute (Appendix Revised Statutes, 753), as by section 6 that remedy is declared to be cumulative only. This is a different case from that of Brannan *v.* The City of Weatherford, 53 Tex., 330, which involved the corporate existence itself of the city.  The present case is in the nature of a private suit between individuals, the writ of *mandamus* being but the means to enforce the judgment if in favor of appellant.    Griffin *v.* Wakelee, 42 Tex., 573.

The relief thus given by *mandamus*, where the judgment below is absolutely void, though not so urgent as when personal liberty is involved, is similar in principle to that

granted by the writ of *habeas corpus*, which, though not designed as a writ of error or *certiorari*, yet will afford relief when the process under which the applicant is held is void for want of jurisdiction, or not warranted by the constitution. Holman *v.* Mayor of Austin, 34 Tex., 668; Perry *v.* The State, 41 Tex., 488; Bigby *v.* The City of Tyler, 44 Tex., 351; Darrah *v.* Westerlage, id., 388; *Ex parte* Coupland, 26 Tex., 386; *Ex parte* Scwartz, 2 Texas Court Appeals, 75; *Ex parte* McGill, 6 id., 498; *Ex parte* Siebald, 10 Otto, 371; *Ex parte* Virginia, id., 339; *Ex parte* Lange, 18 Wall., 163.

The provisions of the above art. 3431, Revised Statutes, that the board of aldermen may remove the mayor if they find him guilty of the charges preferred, and that there are "sufficient cause for removal from office," should not be so construed as to give them this power in their unlimited discretion, without regard to whether he has in law been guilty of an offense or not. State *v.* Common Council of Watertown, 9 Wis., ·254; High on Ex. Leg. Rem., § 69.

If the act which was made penal by the ordinance under which the appellant was tried, found guilty, and removed from office, was neither *malum in se*, nor of such character as could lawfully be made *malum prohibitum*, then the proceedings were without authority of law, consequently null and void, and this action in the district court was not barred by the plea of *res adjudicata*. If so, there would not be any relief against assumed authority. R. R. Co. *v.* Randolph, 24 Tex., 332.

It is said by the supreme court of the United States in the recent case of *Ex parte* Siebald, that " an unconstitutional law is void and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." 10 Otto, 376; Meaghher *v.* The County of Story, 5 Nev., 244.

The ordinance under consideration reads as follows:

"An ordinance to suppress houses and places of prostitution within the city limits, and to punish violations of the same.

"Sec. I. Be it ordained by the city council of the city of Weatherford, that from and after the publication required by law of this ordinance, it shall be unlawful for any person or persons to establish, keep or maintain, or be concerned in keeping or maintaining or establishing any house or place of prostitution within the corporate limits of the city of Weatherford.

"Sec. II. Be it further ordained, that any prostitute or lewd woman who shall reside in, stay at or in or inhabit any room, house or place within the limits of this city, or any person who shall knowingly furnish, rent, let or lease any premises or place within the city limits to any prostitute or lewd woman, or to any person for their use, shall be deemed guilty of an offense.

"Sec. III. That any person violating any of the provisions of this ordinance shall be deemed to have committed a misdemeanor, and on conviction thereof before the mayor's or recorder's court, shall be fined in any sum not less than fifty nor more than two hundred dollars."

The appellant was charged with a violation of section second, by renting certain premises to prostitutes and lewd women.

It will be observed that this section prohibits merely the renting, etc., of any premises or place within the city limits, without reference to the purposes for which the property is to be used.

Although we most heartily approve the desire of the city council that dens and haunts of prostitution, "going down to the chambers of death," shall be prohibited and suppressed; and that their inmates shall not be permitted to ply their nefarious traffic in the property, reputation and souls of fellow beings, within the limits of the city,

yet we are of opinion that the alleged offense in this case did not embrace such act which the council, under our constitution and laws, had the power to make penal.

That unfortunate and degraded class against whom the ordinance was mainly intended, however far they may have fallen beneath the true mission of women, which it is one of our highest duties to foster and protect in social and domestic life, are still human beings, entitled to shelter and the protection of the law; and the council did not have the power to so far proscribe them as a class, as to make it a penal offense in any one to rent them a habitation without regard to its use.

Such an ordinance is null and void, because unreasonable and in contravention of common right.   Const. 1876, Bill of Rights, secs. 19, 20; Chy Lung v. Freeman, 2 Otto, 275; Hayden v. Noyes, 5 Conn., 391; Hays v. The City of Appleton, 24 Wis., 542; Barling v. West, 29 Wis., 315; Austin v. Murray, 16 Pick., 121; Dunham v. Trustees, etc., 5 Cow., 462; 1 Dillon on Mun. Corp., § 259; Cooley's Const. Lim. (4th ed.), 246.

Under proper rules of construction, the ordinance, being penal in its character and working a forfeiture of office, should not be held to embrace by intendment what is clearly not within its language.

In this connection it may be remarked, that our legislature has settled the vexed question, whether a party is subject to double punishment for both a state and municipal offense, by expressly providing, that "no person shall be punished twice for the same act or omission, although such act or omission may be an offense against the penal laws of the states, as well as against the ordinances of such city or town; *provided,* that no ordinance of a city or town shall be valid which provides a less penalty for any act, omission or offense, than is prescribed by the statutes, where such act or omission is an offense against the state." Revised Code Crim. Proc., art. 896.

The penalty under the state law for keeping a disorderly house is a fine not less than $100 nor more than $500. Revised Penal Code, arts. 339–41.

The penalty under the municipal ordinance on this subject is a fine not less than $50 nor more than $200. *Ex parte* Slaren, 3 Texas Court Appeals, 662.

We feel constrained to reverse this judgment. As the cause was submitted to the court below without a jury upon an agreed statement of facts, we will render in this court the judgment which should have been rendered there, in favor of appellant, James H. Milliken, and award the writ of *mandamus* prayed for; and it is accordingly so ordered.

REVERSED AND RENDERED.

[Opinion delivered March 11, 1881.]