JOHN C. GIBBONS v. S. BRADEN.

(No. 2607, R. Book No. 4, p. 280.)

APPEAL from Lamar County.    Opinion by WILLSON, J.

§ 309. *Mayor; jurisdiction of; writ of prohibition against.* Braden was being prosecuted before Gibbons, as mayor of Paris, for a violation of "the local option law." Braden brought suit against the mayor in the county court because of his wrongful acts in instituting and proceeding with said prosecution, claiming that said mayor had no jurisdiction to hear and determine said prosecution, and praying judgment for damages in the sum of $250, and for a writ of prohibition prohibiting said mayor from proceeding with said prosecution. On the trial in the county court, Braden recovered judgment against the mayor for damages, $1 and costs, and the writ of prohibition, which had been temporarily granted, was perpetuated.

If the mayor had jurisdiction, then Braden had no cause of action against him in this proceeding. There is no question but that the law confers the jurisdiction which the mayor was exercising. Article 78 of the Code of Criminal Procedure provides that "mayors and recorders of incorporated towns and cities shall have and exercise the same jurisdiction as justices of the peace within their respective corporations, and the provisions of the code governing justices' courts shall apply to mayors' and recorders' courts." This jurisdiction is again conferred and more specifically regulated by articles 894, 895 and 896 of the Code of Criminal Procedure. But it is contended that this legislation is unconstitutional, being violative of sections 1, 16, 18 and 19 of article V of the constitution, and in support of this position counsel cite Bigsby v. The City of Tyler, 44 Tex. 351; Holmes v. State, 44 Tex. 631; and Hamilton v. The State, 3 Ct. App. 643. In the two cases cited from the supreme court, the opinions construe the constitution of

1869, and whilst we entertain the highest respect for that court, we do not feel bound to follow their opinions in all cases, and especially where they are not directly in point. In Hamilton's case, *supra,* the question here at issue was not involved, and the remarks of the judge relative to the constitutionality of the articles of the code which confer criminal jurisdiction upon mayors and recorders are *obiter dicta,* and not binding as a precedent. We find nothing in the constitution which either expressly or impliedly prohibits the legislature from conferring upon mayors and recorders the criminal jurisdiction which has been conferred upon them. Section 1 of article V of the constitution provides that "the judicial power of the state shall be vested in one supreme court, in a court of appeals, in district courts, in county courts, in commissioners' courts, in courts of justices of the peace, and in such other courts as may be established by law." Mayors' and recorders' courts are courts established by law, and form a part of the judiciary system of our state government. Section 16, article V, of the constitution gives the county court original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justices' courts; but when we refer to sec. 19 of the same instrument, to ascertain the criminal jurisdiction of justices of the peace, we find it is not exclusive in any case. [Solon v. State, 5 Ct. App. 301.] We are of opinion that the articles of the Code of Criminal Procedure which confer criminal jurisdiction upon mayors' and recorders' courts are constitutional, and that the mayor had jurisdiction to hear and determine the prosecution against appellee Braden, and that appellee has shown no cause of action against appellant; wherefore the judgment is reversed and the cause dismissed.

April 11, 1883.           Reversed and dismissed.