## D. M. UNDERHILL AND ANOTHER V. J. M. THOMAS AND OTHERS.

A defendant is deemed to be in court, by the service on him of the citation; and notwithstanding the case may be taken to the Supreme Court, he must be deemed to know when it is disposed of there, and to have notice of the filing of its mandate in the District Court.

Where a judgment has been reversed, for want of service on some of the defendants, and the cause is therefor remanded, the plaintiff may discontinue, as to those who have not been served, and take judgment by default, as to the others, who have failed to answer. It is no objection to such judgment, that the mandate from the Supreme Court was filed on the day preceding its rendition.

ERROR from Washington. Tried below before the Hon. Robert E. B. Baylor.

This case was before this court, at the last term. (22 Texas Rep. 175.) The suit was brought May 30th, 1857, by Joseph M. Thomas, Hewling Cowperthwaite, Charles Desilver, and Jonathan Butler, under the firm name of Thomas, Cowperthwaite & Co., against James Willie, A. H. Willie, D. M. Underhill, and Harden White, on their promissory note for $432.15.

Judgment by default was rendered against all the defendants, for the amount of the note and interest thereon. The defendants, James Willie, D. M. Underhill, and Harden White,

sued out a writ of error to the Supreme Court, to reverse the judgment for error in rendering it against the defendants, when James Willie and Asa H. Willie, had not been duly served with process. The judgment was reversed as to all the defendants, by the Supreme Court, on the 19th day of November, 1858, and remanded for further proceedings, in accordance with the opinion then delivered.

On the 15th day of April, 1859, the plaintiffs dismissed their suit as to the defendants, James Willie and A. H. Willie, and judgment by default was rendered against the other defendants, (who had been duly served with process before the rendition of the first judgment, and had still failed to answer,) for the amount of the said note, with interest.

The defendants, Underhill and White, thereupon prosecuted this writ of error, and assigned for error the rendition of the judgment against them, without notice, after the filing of the mandate of the Supreme Court; and in allowing the plaintiffs to dismiss their suit as to the defendants, James Willie and Asa H. Willie, when, by the judgment of the Supreme Court, the cause had been "remanded for proper service on the parties not properly served." The other facts appear from the opinion.

*Horton & Ewing*, for the plaintiffs in error.

ROBERTS, J.—The statute requires the clerk of the Supreme Court to certify the judgments of the Supreme Court, to the courts from which the causes were brought. (O. & W. Dig. 415.) It does not prescribe the time when this shall be done. The mandate, in this case, was filed during the term, and after the first day thereof. The judgment by default, was taken the next day after the filing.

The plaintiffs must be held to have known that their cause was disposed of in the Supreme Court, and was therefore liable to be sent into the District Court for its action. Upon them, process had been served; and when the mandate was filed in the District Court, the case stood as it had done before the first

judgment was rendered. They were in court, through the process served on them. They were at liberty to make any defence which they had. Not having made any, the plaintiffs below had a right to discontinue as to those not served with process, and take their judgment by default as to those served. Judgment affirmed with damages.

Affirmed with damages.