## MONTAGUE COUNTY v. WHITE.
### (No. 10586.)

(Court of Civil Appeals of Texas. Fort Worth. April 5, 1924.)

1. Appeal and error ⊜1187 — Mandate from appellate court necessary to put in force and effect its judgment.

A mandate of the appellate court to the lower court is necessary to put into force and effect the judgment of the appellate court.

2. Mandamus ⊜154(2)—Petition must show every fact necessary to entitle relator to relief sought.

A writ of mandamus should not be granted, unless the petition therefor shows every fact necessary to entitle the relator to the relief sought.

3. Appeal and error ⊜1191—After affirmance of lower court's judgment, time for issuance of mandate by appellate court not limited.

Under Rev. St. art. 1559, where the judgment of the lower court is affirmed by the appellate court, there is no limitation on the time within which a mandate of the appellate court may be issued, though in case of reversal and remand, the time is limited to 12 months.

4. Mandamus ⊜154(2)—Petition to compel performance of affirmed judgment held insufficient for failure to allege issuance of mandate by appellate court.

A petition in a suit for a writ of mandamus to be directed against the county commissioners, requiring their payment of a judgment against the county, which had been affirmed by the Court of Civil Appeals, and concerning which the Supreme Court had dismissed an application for a writ of error, which failed to allege the issuance of a mandate either by the Court of Appeals, or the Supreme Court to the lower court, held not to state facts entitling relator to relief.

Appeal from District Court, Montague County; C. R. Pearman, Judge.

---

[1] T. & N. O. Railroad Co. v. Peterson reversed on rehearing. See 260 S. W. 906.

Mandamus proceedings by W. L. White against Montague County, H. S. Calaway, County Judge and others, as County Commissioners. Decree for plaintiff, and the county appeals. Reversed and remanded.

See, also, 250 S. W. 736.

Donald & Donald of Bowie, for appellant.

Benson & Benson, of Bowie, for appellee.

BUCK, J. In January, 1921, the appellee herein recovered judgment against Montague county and special road district No. 3 of said county, jointly and severally, in the sum of $500, on account of alleged damages to his residence property by appropriating a part of his front yard and his orchard in the construction of the road adjacent to said property. From this judgment an appeal was taken to this court, and by it the judgment was affirmed (241 S. W. 740), after which the defendant in the court below applied for a writ of error to the Supreme Court, and the writ was dismissed for want of jurisdiction May 17, 1922.

The present suit was instituted by W. L. White in the district court of Montague county against H. S. Calaway, county judge, and the four county commissioners, praying for a writ of mandamus, requiring the defendants to pay said judgment and all costs incurred in the prior suit, and for such other and further relief in law and equity as to the court might seem just, right, and proper.

The petition set out the judgment of the trial court, obtained in January, 1921, awarding W. L. White a judgment against Montague county and special road district No. 3, and assessing the damages claimed by the plaintiff at $500. Plaintiff further alleged that the defendants in that suit appealed to this court, and that the judgment below was affirmed, and that the Supreme Court denied a writ of error. The Supreme Court in fact dismissed the application for a writ of error for want of jurisdiction. The plaintiff further alleged that defendant, Montague county, had sufficient funds in its general funds to pay said judgment, and that "the defendants herein, acting individually and for and on behalf of the defendant Montague county as its duly and legally constituted board of commissioners, have failed and refused, and still refuse to pay the same or any part thereof, though this said plaintiff has repeatedly requested the payment of such judgment, and such judgment is a valid, subsisting, and unsatisfied judgment."

[1, 2] Defendants below lodged a general and a special demurrer to the petition, and one of the grounds on which it is claimed said general demurrer should have been sustained is that no allegation is made of the issuance of a mandate, either from this court or from the Supreme Court; that said mandate is necessary in order to put into force and effect the judgment of which payment is sought in this suit. The special demurrer raised the same objection. It is undoubtedly true that an application for a writ of mandamus should not be granted, unless the petition shows every fact necessary to entitle the relator to the relief sought. Munson v. Terrell, 101 Tex. 220, 105 S. W. 1114; Ewing v. Commissioners' Court, 83 Tex. 663, 19 S. W. 280. Facts entitling a complainant to writ of mandamus should be directly alleged, and not left to inference, nor to the allegations of a motion for rehearing on refusal of leave to file. Shirley v. Conner, 98 Tex. 63, 80 S. W. 984, 81 S. W. 284. Mandamus is an extraordinary remedy, and the party that invokes it must, before he is entitled to even the alternative writ, allege matters which prima facie entitle him to the remedy. Hume v. Schintz, 90 Tex. 72, 36 S. W. 429. Petition for mandamus should state distinctly and precisely the circumstances to show that petitioner is entitled to the remedy and that it is the clear duty of the officer to perform the thing demanded. Tex. Mex. R. Co. v. Locke, 63 Tex. 623; Cullem v. Latimer, 4 Tex. 329; Texas Mex. Co. v. Jarvis, 80 Tex. 456, 15 S. W. 1089.

With these general rules in mind, we will consider the purpose and function of a mandate from an appellate court. The mandate is the official notice of the action of the appellate court directed to the court below, advising it of the action of the appellate court upon the appeal, and directing it "in all things to have it duly recognized, obeyed, and executed." Underhill v. Thomas, 24 Tex. 283.

Article 1633, Revised Statutes, provides:

"If no writ of error be sued out, or motion for rehearing be filed, within thirty days after the conclusion or decision of the court has been entered in any court of civil appeals, the clerk of the court shall, upon application of either party and the payment of all costs, issue a mandate upon said judgment."

Article 1634 provides that the clerk of said court shall not issue and deliver the mandate of the court, etc., until all the costs accruing in the case in the Court of Civil Appeals shall have been paid, subject to a case where the party against whom the costs are adjudged shall make affidavit of his inability to pay the same or give security therefor.

[3] Where the judgment below is affirmed, there is no limitation as to the time in which a mandate of the appellate court may be issued, though it appears that the time is limited for such issuance to 12 months in case the judgment below is reversed and remanded. Article 1559, Rev. Statutes; Scales v. Marshall, 96 Tex. 140, 70 S. W. 945; Watson v. Mirike (Tex. Civ. App.) 73 S. W. 986. Without a mandate, the trial court, the judge, and the clerk thereof are not officially advised of the action of the appellate court on the appeal. Nor is the party against whom the costs of appeal are adjudged so advised, and we conclude that such party would not

be required to pay the judgment and costs accrued until such mandate was issued.

[4] Hence the judgment below must be reversed, and the cause remanded, inasmuch as the petition for mandamus below did not allege the issuance of the mandate of this court, or of the Supreme Court in the case, upon the judgment of affirmance by this court 'and dismissal for want of jurisdiction by the Supreme Court. Upon another trial, the plaintiff below, having. paid the costs of this court, and having obtained a mandate, can amend his 'petition and show that a mandate has been issued.

We have examined the other assignments in appellant's brief, but do not think that any of them show error.