### FORT WORTH MUT. BENEV. ASS'N. v. PETTY. (No. 3340.)

Court of Civil Appeals of Texas. Texarkana. Jan. 20, 1927.

**I. Appeal and error ⬤═⊃1203(3)—Defendant appearing only to obtain reversal of default judgment held compelled to plead or suffer default at term when mandate of reversal was filed (Rev. St. 1925, arts. 2046, 2048, 2049, 2285).**

Under Rev. St. 1925, arts. 2046, 2048, 2049, providing that appearance made by suing out a writ of error shall be deemed appearance for all purposes, a defendant appearing only to obtain reversal of a default judgment *held* compelled to plead or suffer default at that term of court when the mandate of reversal was filed, in view of article 2285.

**2. Appeal and error ⬤═⊃1203(3)—Default judgment, rendered after mandate of reversal was filed, held sustained, though no citation was served on defendant.**

Where first judgment of default against defendant was reversed on defendant's suing out writ of error for lack of service and at the same term, and shortly after the mandate of reversal was filed in the trial court, of which defendant had notice, second default judgment was rendered against defendant, such judgment would be sustained, though no proper citation had ever issued, and defendant had filed no answer and had appeared only to sue out the writ of error.

**3. Appeal and error ⬤═⊃1203(3)—Delay in filing mandate reversing default judgment held not to invalidate second default judgment.**

Where defendant, who had obtained a reversal of a default judgment, had notice of date of filing of mandate of reversal in the trial court and had time · to prepare for trial, delay in filing mandate *held* not to excuse his nonappearance at second trial, so as to invalidate second default judgment.

Error from District Court; Cherokee County; C. A. Hodges, Judge.

Suit - by G. H. Petty against the Fort Worth Mutual Benevolent Association. Judgment for plaintiff, and defendant brings error. Affirmed.

On April 29, 1925, G. H. Petty filed this suit in the district court of ·Cherokee county against the Fort Worth Mutual Benevolent Association to recover upon a policy of insurance issued upon the life of J. D. Petty, who died in September, 1924. In· May, 1925, the case was called for trial, and, no answer having been filed, a judgment by default was rendered against the defendant in favor of the plaintiff. That term of court adjourned on September 5, 1925. On September 11, 1925, the defendant prosecuted a writ of error from that judgment to this court upon the ground that no valid citation was ever issued to the defendant conferring jurisdiction in the trial court to render a personal judgment. This court sustained the contention made, quashed the citation, and reversed the judgment and remanded the cause. Fort Worth Mut. Benev. Ass'n v. Petty (Tex. Civ. App.) 283 S. W. 620. The next term of the district court began December 14, 1925, and was authorized to continue until the second Monday in February, 1926. The mandate of the appellate court was issued on April 8, 1926, and was filed in the district court on May 25, 1926; and on June 1, 1926, the clerk of the district court prepared and forwarded a copy of the mandate to the attorney representing the association in the prosecution of the writ of error. The term of the district court began by law on May 17, 1926, and was authorized to continue in session until September. On July 27, 1926, the court called the case, and judgment was rendered against the association. No new citation was issued, and the association had filed no answer, and there was no consent to judgment being rendered. On October 26, 1926, the association sued out the present writ of error to this court, insisting in this court that the judgment by default, for the nonappearance of the appellant, was illegally taken at the term of the court begun and in session at the time the mandate was filed. The contention is that no judgment by default can be taken against the defendant until after the appearance day of the term of court succeeding the term at which the mandate is filed.

Marvin Roberson, of Fort Worth, for plaintiff in error.

Perkins & Perkins, of Rusk, for defendant in error.

LEVY, J. (after stating the facts as above). The mandate was filed in the trial court on May 25, 1926, after the term began on May 17, 1926. A copy of the mandate, with the date of filing in the trial court, was made and forwarded to the defendant on June 1, 1926. The case was regularly called for trial on July 27, 1926, and judgment by default was rendered. The precise question for decision arising in the special circumstances of the case is, Could judgment be legally taken at the term of the court at which the mandate was filed? If the defendant was not required to answer, or take the consequence of default, at the term of the court in which the mandate was filed, then the judgment in this case was not legally authorized and it must be vacated, there being no consent to judgment being rendered; otherwise, the judgment must be affirmed, the defendant having actual notice of the filing of the mandate and ample time within which to file answer before the call of the case for trial.

[1] By appearing in the cause by petition for writ of error to revise the first judgment for want of legal service, the appellant thereby took a step in the case in the way of defense. As provided by statute, a special appearance made for the purpose of objecting to a citation or the service thereof, void or defective, whether by motion in the trial court or by taking an appeal or suing out a writ of error, has the effect of and shall be deemed complete as a general appearance of such defendant for all purposes of future proceedings in the cause, as though citation had been duly issued and served as provided by law. Articles 2048, 2049, 2046, R. S. And the time when such general appearance shall be deemed complete, and effective and binding, for all purposes of future proceedings in the case, is expressly fixed by the articles above. In article 2048, the defendant appearing by motion in the trial court "shall be deemed to have entered his appearance to the succeeding term of the court." In article 2049, the defendant taking an appeal or suing out a writ of error "shall be presumed to have entered his appearance to the term of court at which the mandate shall be filed" in case the judgment is reversed on appeal. It relates in each instance to the time of the commencement of "the court," specified, and the appearance is deemed complete then. For, as specially provided by statute, "the cause shall stand for trial in its order on the docket" upon "the return of the mandate" to the trial court. Article 2285, R. S. Hence. in virtue of the statute, the appellant would be legally regarded before the trial court "at the term of the court at which the mandate shall be filed," the same as though it had been duly served with a valid citation more than ten days before the beginning of such term. In consequence of being before the court generally for all purposes of further proceedings in the cause and subject to judgment, the appellant was compelled to plead, or suffer the consequences of default, at that term of the court, upon the return of the mandate.

[2, 3] It is no objection that the mandate was filed shortly preceding the rendition of judgment by default. Underhill v. Thomas, 24 Tex. 283. The bare fact that the mandate is filed after the term of court has begun would not legally operate, necessarily and of right, to entitle the appellant to the whole of the term for answer and preparation for trial before such appellant is liable to judgment. The lateness of filing the mandate may be sufficient excuse for not trying the case at that term, for want of preparation as ground for continuance. The trial court can, as within his authority, always justly control such situation according to the circumstances of the given case. In this case, as in like cases, the fact that the mandate was filed after the term of court began is important only in determining whether or not appellant had sufficient or reasonable time within which to file an answer and make preparation for trial between the date of the filing of the mandate and the date the case was called. The appellant had ample time to do so, and with notice of the date of filing of the mandate.

The judgment is affirmed.