### WATSON CO. v. BLEEKER et ux.*
### (No. 2985.)

Court of Civil Appeals of Texas. Amarillo. March 14, 1928.

Rehearing Denied April 11, 1928.

J. Hardy Neel and Holloway & Holloway, all of Dallas, for appellant.

John White, of Dallas, for appellees.

JACKSON, J. This suit was originally filed in the county court of Dallas county, Texas, on November 18, 1922, by J. Bleeker and Rebecca Bleeker, husband and wife, as plaintiffs, against George Watson, as defendant, who was alleged to be doing business under the trade-name of "Watson Company, Builders." The court rendered judgment by default against George Watson, who thereafter filed a motion to set aside the default judgment against him, which was overruled, and he prosecuted an appeal to the Court of Civil Appeals, and the case was reversed, among other reasons, because Watson Company was a corporation, and the work done by the appellees was done for the corporation under a written contract, and not for George Watson. Watson Co., Builders, v. Bleeker et al., 269 S. W. 147.

On July 14, 1924, the plaintiffs filed their first amended original petition, and made the Watson Company, a corporation, the defendant, instead of George Watson, but no citation was ever issued or served on the corporation. On February 3, 1925, judgment was

*Writ of error dismissed.

rendered by default against the Watson Company, a corporation, and in favor of appellees, for the sum of $536, interest, costs, etc. On March 18th, thereafter, the Watson Company filed a supersedeas bond and prosecuted an appeal from the default judgment against it to the Court of Civil Appeals, and the judgment was reversed, and one of the reasons for the reversal was that no citation had been served on the corporation. Watson Co., Builders, v. Bleeker et ux., 285 S. W. 637.

In their first amended original petition, by which the corporation was made a party, the plaintiffs alleged that the corporation, on May 25, 1922, had a general contract with the State Fair of Texas, at Dallas, Texas, to repair a certain building situated in the fairground; that on said date the corporation employed plaintiffs to perform the metal work on said building for a consideration of $2,900; that they performed the work and received from the corporation, on various dates, all of the consideration of $2,900, save and except the sum of $536, which balance was due and unpaid, and that the corporation had refused to pay the same, or any part thereof; that they were unable to give the dates and amounts of the payments made by the corporation to them, but that such dates and amounts were well known to the corporation.

On February 1, 1927, the corporation, the defendant in the amended petition, answered by general demurrer, general denial, and pleaded the two and the four year statutes of limitation (Rev. Civ. St. 1925, arts. 5526, 5527) against plaintiffs' cause of action. In response to special issues submitted by the court, the jury found that the defendant was due the plaintiff, on the contract, the sum of $500, and on extras the sum of $36, and that the $500 balance on the contract and the item of $36 for extras both became due September 1, 1922.

On these findings, the court rendered judgment for the plaintiffs against the defendant for the sum of $500, with interest at the rate of 6 per cent. per annum from the 1st day of September, 1922, and for costs of suit. From this judgment, the corporation, hereinafter called appellant, prosecutes this appeal. The appellant challenges as error the action of the trial court in rendering judgment against it, because appellees' cause of action, if any they had, was barred by the two and four year statutes of limitation.

■ The appellees, in their amended petition, did not allege whether their contract with appellant was oral or in writing. No exception was taken to the petition therefor, and the written contract between appellant and appellees for the metal work, dated May 25, 1922, was introduced in evidence without objection; hence the two-year statute of limitation does not apply. In perfecting its appeal from the judgment rendered against it on February 3, 1925, the appellant filed a

supersedeas bond on March 18, 1925, which discloses that it filed in the county court of Dallas county, Texas, a motion asking that the judgment rendered against it by default on February 3, 1925, be set aside, and it be granted a new trial; that said motion was overruled by the court on February 25, 1925, to which action, of the court it excepted, and prosecuted its appeal, and secured a reversal of the case, as above stated. The mandate from the .Court of Civil Appeals at San Antonio, reversing this judgment by default, was filed in the county court on October 26, 1926.

■ The appellant filed its motion for a new trial in the county court of Dallas county, Texas, between February 3 and February 25, 1925, asking that the judgment by default rendered on February 3d be set aside, which motion was overruled on February 25th, and it thereby invoked the exercise of the court's power and subjected itself to the court's jurisdiction. Republic Oil & Gas Co. v. Owen (Tex. Civ. App.) 210 S. W. 319, and authorities cited. By filing its motion for rehearing, the appellant made such an appearance as would, in our opinion, defeat the plea of four-year limitation. After it perfected its appeal, appellees were not required to issue or have served any citation. Article 2049, R. O. S.; Fort Worth Mutual Benefit Association v. Petty (Tex. Civ. App.) 293 S. W. 290.

The appellant challenges as. error the action of the court, in permitting Mrs. Rebecca Bleeker, one of the appellees, to testify that the appellant still owed the appellees the sum of $500 under the contract, and $36 for extra work. This testimony was not objected to when given on direct examination, but after showing, on cross-examination, that the witness kept a set of books, on which she entered every payment that was made, but that she did not remember the number of payments, nor the amount of each payment, and that the books were at home, the appellant then objected to the testimony because the books were the best evidence. The testimony shows that this witness made the entries in the book, and she testified that she knew the amount of the balance.

■ If this were error (Capera v. Mignon [Tex. Civ. App.] 33 S. W. 882; City National Bank of Spur v. Rhome-Farmer Live Stock Commission [Tex. Civ. App.] 259 S. W. 184; City of Ysleta v. Lowenstein [Tex. Civ. App.] 25 S. W. 444), it was not reversible error, because the same fact was proved without objection by the witness J. Bleeker, who testified that he knew the amount of the balance due, independently of any books. The issue was submitted to the jury, and was uncontroverted by, any testimony.

■■ The appellant presents as erroneous the judgment rendered by the court for all costs accruing before the filing of the amended petition by the appellees, and before the filing of the mandate from the Court of Civil

Appeals on October 26, 1926. Appellant filed no motion in the trial court to retax the costs, and it does not present in its assignment, nor the proposition thereunder, the items improperly charged to it. The statement of costs in the transcript fails to disclose on what date such items accrued, and we are unable to determine from the record what items of costs are improperly charged against the appellant. Therefore we are unable to reform the judgment, because of the uncertainty of the record. This, however, is not such an error as would require a reversal of the case on its merits, if properly presented, but would only necessitate a reformation as to costs, and, as the appellant has failed to furnish the data by which we can reform the judgment, it is affirmed. Lumpkin v. Wood et al. (Tex. Civ. App.) 135 S. W. 1139; San Antonio Machine Supply Co. v. Allen (Tex. Com. App.) 284 S. W. 542.