## R. B. GEORGE MACHINERY CO. v. CITY OF MIDLAND. (No. 2296.)*

Court of Civil Appeals of Texas. El Paso. June 10, 1929.

Rehearing Denied Sept. 3, 1929.

W. H. Graham, of Houston (on rehearing only), and W. M. Harris, of Dallas, for appellant.

Sam K. Wasaff, of Midland, for appellee.

PELPHREY, C. J. On December 15, 1927, appellant filed this suit in the district court of Midland county, Texas, upon a verified account for labor and material used in the repair of tractor belonging to appellee. Appellee answered by general and special exceptions, a general denial, special denials of certain allegations, and by cross-action alleging damage to the said tractor by reason of the unskillful manner in which the labor was performed in repairing same, and for damages for loss of use of the tractor likewise resulting from such unskillful repairs. On the 15th day of November, 1928, the following judgment was rendered:

### "Judgment.

"This cause came on to be heard this the 15th day of November, A. D. 1928, the same being a regular court day of the November term, A. D. 1928. The plaintiff R. B. George Machinery Company, although having full notice of the setting of this case, failed to appear either by representative or counsel to prosecute their action, and the defendant, city of Midland, Texas, appeared by and through its mayor and attorney, the said defendant, city of Midland Texas, insisting upon a trial of the case. Thereupon the court

called for announcement, the plaintiff wholly failed to appear and prosecute its action, and the defendant, city of Midland, Texas, announced 'Ready for trial,' and it appearing to the court that this cause of action was filed on December 15, 1927, and the defendant, city of Midland, Texas, was entitled to a trial thereof, a jury having been waived, the issues of fact as well as of law were submitted to the court. Thereupon the petition of plaintiff was read, as well as the cross-action of the defendant, city of Midland, Texas, was read; said cross-action having been properly served on the plaintiff, R. B. George Machinery Company, on April 4, 1928, and after all of the said pleadings of both plaintiff and defendant were read, and after hearing all of the testimony of the defendant, city of Midland, Texas, and its witnesses and the argument of counsel, and the court, being fully advised in the premises, is of the following opinion:

"(1) That the plaintiff, R. B. George Machinery Company, take nothing by its suit against the defendant, city of Midland, Texas.

"(2) That the defendant, city of Midland, Texas, take nothing by its cross-action against the plaintiff, R. B. George Machinery Company.

"It is therefore ordered, adjudged, considered, and decreed that the plaintiff, R. B. George Machinery Company, take nothing by its suit against the defendant, city of Midland, Texas, and the defendant, city of Midland, Texas, take nothing by its cross-action against the plaintiff, R. B. George Machinery Company.

"And it is further ordered, adjudged, considered, and decreed that the plaintiff, R. B. George Machinery Company, be made and is hereby adjudged to pay all costs in this behalf expended, for which let execution issue."

The above judgment was filed on the 16th day of November, and on the same day there was filed the motion of appellant for a continuance.

■ Appellant's fourth assignment of error complains of the court's action in overruling his application for a continuance. This assignment cannot be sustained. The application for continuance was not filed until the day following the rendition of the judgment, and consequently the court had no power to pass upon such application, and there is nothing in the record to show any action by the court on it.

■ This being true, the only question left for our determination is that of the correctness of the court's action in overruling the motion for a new trial. "In the motion for a new trial, like one to set aside a judgment by default, the plaintiff should have shown, not only that they were not guilty of negligence, but also that they had a meritorious

cause of action." Montgomery v. Carlton, 56 Tex. 431. And there must be enough facts stated in the petition, supported by affidavit, to show at least a prima facie cause of action or a defense. Welsch v. Keeton (Tex. Civ. App.) 287 S. W. 692, and authorities there cited.

The motion in the present case, neither alleging a meritorious cause of action, nor alleging, under oath, any facts making a prima facie cause of action, was insufficient, and was properly overruled.

The judgment of the trial court is accordingly affirmed.