## R. B. GEORGE MACHINERY CO. v. CITY OF MIDLAND.

### No. 2727.

Court of Civil Appeals of Texas. El Paso.

Oct. 27, 1932.

Rehearing Denied Dec. 1, 1932.

Woodward & Coffee, of Big Spring, and W. M. Harris, of Dallas, for plaintiff in error.

Haag & Stubbeman, of Midland, for defendant in error.

PELPHREY, C. J.

In November, 1928, this cause was tried in the district court of Midland county, and judgment rendered for defendant in error.

Plaintiff in error prosecuted an appeal to this court, where the judgment was affirmed. 20 S.W.(2d) 107. Later a writ of error was

granted by the Supreme Court, and the judgment reversed and the cause remanded to the trial court. 29 S.W.(2d) 966. The mandate of the Supreme Court was issued January 19, 1931, and filed in the district court of Midland county on January 22, 1931. The next term of the district court of Midland county began on February 2, 1931, and continued for four weeks. On February 2d, the trial court set this cause for February 4th. Plaintiff in error failed to appear on said date, and the trial court, upon motion of defendant in error, dismissed the case for want of prosecution. On April 22, 1931, plaintiff in error filed its motion to have the case reinstated upon the docket of the court. On May 9, 1931, plaintiff in error filed another pleading, termed an office brief, in which it prayed that the motion theretofore filed by it be considered as a plenary suit in equity, and that it be given the right to proceed to trial upon the issues raised in its motion or plenary suit in equity as well as upon the merits in the original action. Thereafter, on October 1, 1931, plaintiff in error filed its first amended petition, verified by one of its agents, with a verified account attached thereto. On the same date, defendant in error filed its first amended answer, adopting the allegations of its original answer; said answer also containing an exception to plaintiff in error's amended petition, a general demurrer, and general denial to plaintiff in error's motion to reinstate, and a special answer to plaintiff in error's motion. Later both parties filed supplemental pleadings.

The cause was submitted to a jury upon the following special issue: "Do you find from a preponderance of the evidence, that is, the greater degree or weight of credible testimony before you, that Mr. W. M. Harris, attorney for the Plaintiff, R. B. George Machinery Company, used due diligence in prosecuting plaintiff's suit at the February, 1931, term of the District Court of Midland County, Texas?"

The court then instructed the jury that, if they had answered the above issue in the affirmative, to return a verdict in favor of plaintiff in error and against defendant in error on its cross-action.

The jury having answered the issue in the negative, the court rendered judgment dismissing plaintiff in error's suit and against defendant in error on its cross-action. This appeal has been prosecuted from such judgment.

■■ Plaintiff in error first contends that a judgment of dismissal, under the facts here, was unjustified without actual notice to it of the reinstatement of the case on the docket and of the dismissal prior to the expiration of the February term of court. Articles 2284 and 2285, Revised Statutes, provide that "Where a cause shall be removed by appeal or writ of error to the appellate court, the cause shall remain or be replaced on the docket to await

the mandate of the appellate court," and that "upon the return of the mandate, if the judgment of the court below be reversed by the appellate court, the cause shall stand for trial in its order on the docket."

We find nothing in these statutes which calls for any form of notice to any party to the suit, before the court can proceed to a disposition of the case; therefore the contention advanced by appellant must be overruled. In fact, as we interpret them, they refute the necessity of notice.

In the case of Underhill et al. v. Thomas et al., 24 Tex. 283, the Supreme Court had a similar question before it. In that case two of the several defendants had not been served with process at the time judgment by default was rendered against all defendants. A writ of error was sued out, and the judgment of the trial court was reversed and remanded as to all defendants. Thereafter the plaintiffs dismissed their suit against the two defendants who had not been served, and took judgment by default against those who had. The mandate was filed in the trial court after the term began, and on the following day the default judgment was taken.

Two of the defendants prosecuted a writ of error from such judgment, assigning error to the rendition of a judgment against them, without notice, after the filing of the mandate of the Supreme Court.

The court said: "The plaintiffs must be held to have known that their cause was disposed of in the Supreme Court, and was therefore liable to be sent into the District Court for its action. Upon them, process had been served; and when the mandate was filed in the District Court, the case stood as it had done before the first judgment was rendered. They were in court, through the process served on them. They were at liberty to make any defence which they had. Not having made any, the plaintiffs below had a right to discontinue as to those not served with process, and take their judgment by default as to those served." See, also, Fort Worth Mut. Benev. Ass'n v. Petty (Tex. Civ. App.) 293 S. W. 290.

The record here reveals that plaintiff in error's counsel knew that the case had been reversed and remanded by the Supreme Court, and therefore will be held to have known that it might be sent into the district court for its action at any time. He was also charged with knowledge of the terms of the district court of Midland county.

■ If, as the trial court evidently correctly decided, plaintiff in error was not entitled to notice of the filing of the mandate in the trial court, then there remained only a question as to whether plaintiff in error's counsel had been diligent in looking after the suit in the district court.

The record shows, and plaintiff in error admits, that he did nothing toward the prose-

cution of the suit; therefore the judgment of which plaintiff in error now complains was the only judgment the court should have rendered under the facts presented.

There are several other errors assigned, which, in view of our holding that plaintiff in error was not entitled to notice, and the record being as it is, we think call for no discussion.

The judgment of the trial court is therefore affirmed.