SAMUEL L. EARLE v. GEORGE M. JOHNSON ET AL.

The stay law of 1866 is unconstitutional, upon the principle decided in Jones v. McMahan *et al.*, 30 Tex., 719.

ERROR from Smith. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

Earle, having recovered a small judgment against Payne, ordered an execution, which Johnson, the clerk, refusing to issue, Earle prayed for a mandamus to compel the issuance of the execution.

The defendants filed a demurrer, setting up the stay law as a defense. The court sustained the demurrer, and thus Johnson stood with a judgment for which he could get no execution. Earle prosecuted error.

No brief for plaintiff in error has been furnished to the *Reporter.*

*Stephen Reaves*, for defendants in error.—In this case it was insisted by the defendants in error that the constitution does not restrain the legislature from passing laws changing the remedy for enforcing contracts, if the obligation of the contract is not impaired. (13 B. Monr., 285; 4 Cranch, 396; 4 Wheat., 245.) The legislature may vary the nature and extent of the remedy, and prescribe the times and modes in which remedies shall be pursued, &c. (Woodfin v. Hooper, 4 Humph., 13.) An act abolishing imprisonment for debt, by which all persons then imprisoned on process in civil causes were discharged, is constitutional. (Fisher v. Lackey, 6 Blackf., 373; Gray v. Munroe, 1 McLean, 528; Mason v. Hail, 12 Wheat., 370.) A law which regulates the issuing of executions on judgments previously rendered affects the remedy merely, and is not *ex post facto*, nor does it impair the obligation of a contract. (United States Bank v. Longworth, 1 McLean, 35.) The particular attention of the court is invited to the case last cited.

No one will doubt the authority of the legislature to grant a stay of execution for sixty or ninety days; then, if it can grant the stay of sixty days, can it not grant a stay of one hundred days, or even one or two years, as necessity might require. It affects the remedy only. This the legislature has a right to do, provided it does not impair the obligation of the contract.

MORRILL, C. J.—The questions at issue in this case are identical with those in the case of Jones v. McMahan, decided at the present term of the court during the Galveston session. [30 Tex., 719.]

For the reasons stated in said cause, it is ordered that the judgment be reversed, and it is further ordered that the clerk of the district court be ordered to issue the execution as requested.

REVERSED AND ORDERED ACCORDINGLY.