## WILLIAM H. GRIFFIN v. DAVID WAKELEE.

MANDAMUS—APPEAL. A judgment of the District Court awarding a peremptory mandamus for the restoration of the plaintiff to an office, is superseded by an appeal to the Supreme Court.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

Wm. H. Griffin filed his petition in the District Court of Galveston county, against David Wakelee, alleging that Wakelee is the clerk of the said District Court; that on December 10, 1874, plaintiff had obtained judgment in said court against Martin H. Royston, adjudging the said Griffin to be the clerk of the Criminal District Court for Galveston county,

and entitled to the custody of the records of said Criminal District Court, and ordering that a writ of mandamus issue to Royston requiring him to deliver over to Griffiin said office, together with all the records of said Criminal District Court; that upon the rendition of said judgment, Royston gave notice of appeal, and subsequently had filed his appeal bond, which appeal bond had been, December 15, 1874, approved by said Wakelee as clerk; that on December 21, 1874, plaintiff applied to Wakelee for the issuance of the writ of mandamus as required by said order, and that Wakelee refused to issue the writ; that pending the appeal plaintiff was entitled to the possession of the records of the said Criminal District Court and to exercise the duties and have the privileges of said office; that plaintiff cannot obtain possession of the franchises of said office and records during appeal, except by the process of this court, requiring its clerk to issue the writ of mandamus according to the said order and judgment of the court. Prayer for citation to Wakelee and that he be required to issue the writ of mandamus, or show cause why a peremptory mandamus should not issue to him requiring him to issue such writ.

Wakelee answered that Royston had perfected his appeal by giving appeal bond.

The allegations of fact in both petition and answer were admitted, and the case being submitted to the judge a judgment was rendered for defendant, from which Griffin prosecuted his appeal.

The errors assigned are:

1. The judgment of the court is against the law and the evidence.

2. The judgment should have been for plaintiff.

*Wm. H. Stewart*, for appellant, cited Griffin v. Steele, 1 Edmond's Select Cases, N. Y. 505; Pinckney v. Hanegan, 2 Strobhort (S. C. R.), 250.

*F. Charles Hume* cited United States v. Columbian Ins.

Co., 7 Wheat., 534; 2 Cranch, C. C. R., 266 ; Crawford v. Addison, 22 Howard, 174; 6 Wallace, 294; (Article IV., Section 3); Paschal's Digest, 1491, 1495.

MOORE, J.   The only question in this case is, whether a judgment of the District Court awarding a peremptory mandamus for the restoration of the plaintiff to an office, can be superseded or suspended by an appeal to this court.   This question, we are clearly of opinion, must be answered in the affirmative. Such, we believe, has been the uniform usage and practice in mandamus cases ever since such proceedings as this have been authorized in the District Court.

It is unquestionably true, that at common law, a writ of mandamus could not be stayed or suspended by a writ of error or appeal, for indeed no writ of error or appeal could under it be prosecuted from the order of the court awarding the writ. But it is quite evident that the common-law proceeding, whereby relief was had by aid of the great original, or prerogative, writ of mandamus, was altogether different from that by which with us the judgment of the court granting the relief, though of a similar character, is carried into effect, and the right adjudged by the court is secured to the plaintiff by writ of mandamus, as it is termed in our statute.

At common law a proceeding by mandamus did not partake of the nature of a suit between parties, but the relief sought was granted immediately by and through means of the writ itself.   It was not in the nature of a judicial writ requiring a defendant to appear and plead.   It was a direct and immediate command to the party to immediately fulfill the requirement of the writ, or show, by a return to it, cause why he had not done so.   This return, whether true or false, could not be gainsaid or questioned.   If sufficient cause to refuse the demand was shown in the return, the writ was discharged, if not, it was made absolute, and immediate obedience to it required under pain of attachment.   Prior to the statute of Ann, no issue of fact could be made upon the return.   If false, the remedy was

not to be had by the mandamus, or a judicial proceeding inaugurated by it, but by an action against the respondent for a false return to the writ.

That the writ of mandamus which may be awarded by the District Court under our statute is essentially different in almost every particular, is too obvious for comment. The relief sought to be effected through its aid is asked, as in any other case, by a petition alleging the facts by virtue of which it is claimed, with a prayer for such judgment as the facts warrant. The defendant is served and required to answer as in any other suit, and the case proceeds to trial and judgment as any other action, and there is no distinguishable difference in principle in the course of proceeding and result attained in it and any other suit in the District Court. When the judgment is rendered by the court, unless superseded or suspended by writ of error or appeal, it is carried into effect by the appropriate writ for this purpose, termed in the statute a writ of mandamus, from analogy, no doubt, drawn from the nature of the matters complained of in the petition, to cases in which relief is granted by this writ at common law. Plainly, then, unless we discard principles, and are controlled merely by names, it must be treated and regarded as a judicial writ, based upon and issuing by virtue of, and to carry into effect, a judgment of the District Court. And so it has been in effect held by the Supreme Court of the United States.

If this is a suit, it is unquestionably a civil case. And as this court has appellate jurisdiction in all manner of pleas, plaints, motions, causes and controversies, which may be brought before it from the District Court, we think it clear that the right of this court to review the judgment of the District Court cannot be denied. It must follow, as no distinction is made by the law authorizing an appeal in this and other cases, that the judgment of the District Court may be superseded by an appropriate bond for this purpose, pending the appeal in this court. That the term of office of the applicant for the writ may expire pending the appeal, is an incident equally applicable to the

suit while in course of litigation in the court below, as while pending an appeal in this court.

There is no error in the judgment, and it is affirmed.

Affirmed.