## HUNT and Another, Appellant, v. OLIVER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MICHIGAN.

Argued October 22d, 1883.—Decided November 5th, 1883.

*Mortgage—Supersedeas.*

A mortgaged real estate to B, C, and D, including the south half of a fractional section. Two years later B assigned his interest in the mortgage to C and D, and took from A, who was embarrassed, a conveyance of all his property, including the other half of the fractional section. This was done to aid A in disposing of his property, and paying his debts. It was found in the decree below that it was for the joint benefit of B and his co-mortgagees. The mortgaged property was purchased by C at foreclosure sale. A brought suit against B, C, D, and others in possession, to redeem all the estate conveyed to B. An accounting showed a balance due A. Execution was ordered directing the defendants to surrender the lands. B and C appealed, giving security for a supersedeas. A applied for a writ of assistance putting him in possession of the north half. The court below granted the writ. On application to this court to stay the writ of assistance: *Held*, that the writ of *supersedeas* should issue.

The facts appear in the opinion of the court.

*Mr. Henry M. Duffield*, for the appellant Hunt.
*Mr. Nathaniel Wilson*, for the appellee.

Mr. Chief Justice Waite delivered the opinion of the court.

This is a motion for a writ of supersedeas to stay the execution of a writ of assistance issued by the circuit court, after an appeal to this court, to put the appellee in possession of a part of the property involved in the litigation below. The material facts affecting the motion, as found and determined by the circuit court, or otherwise shown by the motion papers, are these :

On the 17th of November, 1866, Oliver, the appellee, executed to Henry S. Cunningham, Garrett B. Hunt, and Jacob Eschelman a mortgage on certain lands in Michigan to secure a debt of $35,000. Included in this mortgage was the S. fr. $\frac{1}{2}$ sec. 12, T. 29, N. R. 8 E., containing $227\frac{5}{100}$ acres, more or less, " with the saw-mill and other improvements thereon." In

the summer of 1868, Oliver owned and possessed other lands encumbered by other mortgages, one to Calvin Haines and Philip N. Ranney, and others to other parties, and he also owed other debts to other persons, which were unsecured, amounting in the aggregate to a large sum. On the 2d of September, 1868, Cunningham assigned his interest in the $35,000 mortgage to his co-mortgagees, Hunt and Eschelman, and then took a conveyance from Oliver of all his property, real and personal, for the purpose of assisting him in disposing of it, and realizing any surplus that should remain after his debts were paid. Among other lands conveyed by Oliver at this time and for this purpose was frac. sec. 12, T. 29, N. R. 8 E. The decree finds that Cunningham took this conveyance "for the joint benefit of himself and his co-mortgagees." After this conveyance was made, Cunningham, Hunt, Eschelman, Haines, Ranney, George Robinson, and Henry Robinson, formed a partnership to carry on lumbering business and to cut the timber upon the property, and manufacture it. Hunt then proceeded to foreclose the $35,000 mortgage, and purchased the mortgaged property at the foreclosure sale. After this, on the 13th of March, 1873, Oliver filed a bill in equity in the Circuit Court of the United States for the Eastern District of Michigan against Cunningham, Hunt, Eschelman, Haines, Ranney, and the two Robinsons, the object of which was to redeem the lands which had been conveyed to Cunningham, and to charge the defendants, as mortgagees in possession, with the rents and profits of the property. Upon this bill a final decree was rendered on the 21st of September, 1882, finding due from the defendants to Oliver the sum of $41,488.87, for which execution was ordered, and directing the defendants to "surrender and yield up to the complainant possession of all lands transferred by said complainant to said defendant Cunningham by deeds dated September 3d, 1868," and to make, execute and deliver to complainant good and sufficient conveyances to transfer all their title and interest in and to the land described in said deeds, and which should describe and specify the lands as follows: "The entirety of the following lands: . . . Entire fract. sec. 12 T. 29, N. R. 8 E. . . ." From

this decree Hunt and Eschelman alone appealed, giving security for a supersedeas. Upon sec. 12 is a valuable saw-mill, but the complainant claims it is located on the north half of the section and not on the south half. After the appeal and supersedeas were perfected, Oliver applied to the circuit court for a writ of assistance to put him in possession of the north half of this section, and the writ was granted, on the ground that as Hunt had title only to the south half of the section, his appeal did not operate to stay the execution of the decree as to the north half. It is to stay the execution of this writ that the present application is made.

We think this motion should be granted. The decree appealed from finds as a fact that although the conveyance of Oliver was in form to Cunningham alone, it was taken by him for the joint benefit of himself and his co-mortgagees, that is to say, Hunt and Eschelman, the appellants. Such being the case, it is a matter of no importance that the legal title to the north half of section 12 may not have been in either of the appellants. As Cunningham took title to the whole property for them as well as himself, whatever in the decree affects that title affects them as well as him. They have been charged with the entire amount realized from the whole property, and it is impossible to reach any other conclusion from the papers submitted on this motion, than that, in the whole proceeding below, the appellants were deemed to have been in equity grantees under the deed to Cunningham jointly with him, and that their rights under the appeal are to be governed accordingly. Certainly an appeal with supersedeas by him would on the face of the papers stay the execution of the writ of assistance now complained of, and if such an appeal would have that effect as to Cunningham, the present appeal must as to these appellants.

*A writ of supersedeas may issue.*