W. D. YETT, MAYOR, ET AL. V. CHAS. B. COOK ET AL.

No. 4320.   Motion No. 6525.   Decided January 20, 1925, February 3, 1926.

(268 S. W., 715, 281 S. W., 843.)

ON MOTION FOR LEAVE TO FILE AND FOR WRIT.

**1.—Supreme Court—Original Jurisdiction—Mandamus.**

The Supreme Court, by virtue of its original jurisdiction and irrespective of its power to protect its appellate jurisdiction, has authority to issue mandamus to require the District Court to respect the suspension of its judgment by appeal and supersedeas bond. (Here its order requiring the governing powers of a city to call an election of officers thereof on a designated date.)   (P. 180.)

**2.—Judgment—Mandamus—Appeal and Supersedeas.**

A judgment awarding mandamus (here one requiring the governing powers of a city to hold an election of officers thereof on a designated date) comes within the provisions of articles 2101, 2103, Revised Statutes, and

is suspended by compliance with their requirements as to appeal and super-sedeas bond. The fact that the delay caused thereby would render ineffective the judgment requiring the election to be held at the designated time did not authorize the court so ordering to further require the city authorities to proceed at once to carry out its order so superseded in disregard of its suspension pending appeal. (Pp. 180-182.)

### 3.—Same.

The jurisdiction of a court of equity to carry into effect its own orders does not extend to injunction or writ of assistance nullifying the right of a party obtained by filing a supersedeas bond. Injunction issued for that purpose was absolutely void. Nor could it be supported under subdivision 2 of Article 4643, Revised Statutes, the appeal and supersedeas being lawful and violating no rights of the opposite party. (Pp. 182-184.)

### 4.—Supreme Court—Jurisdiction—Mandamus.

The power of the Supreme Court to issue writs of mandamus conferred by Const. Art. 5, Sec. 1; Rev. Stats., Art. 1526, is to be construed in the light of the Common Law governing use of such writs. Under these principles (authorities examined at length) a supervising tribunal, such as the Supreme Court under the Constitution and statutes, has power to require an inferior court to grant, protect, and make efficacious the right of appeal and supersedeas. (Pp. 184-191.)

### 5.—Case Stated.

Cook and others obtained in the District Court a writ of mandamus requiring defendants, Yett and others, mayor and officers of the City of Austin, to call an election for officers of the city on a designated day. From this the latter appealed with supersedeas bond. Plaintiffs then obtained from the District Court a mandatory injunction commanding appellants to proceed at once to carry out its order so appealed from. On original application by Yett and others to the Supreme Court writs of prohibition and injunction are issued staying further action by the District Court or by Cook and others to enforce this order requiring an immediate election during the pendency of the appeal and supersedeas in the original case. (Pp. 178-191.)

ON FINAL HEARING.

### 6.—Moot Case.

The writs of prohibition and injunction issued herein having accomplished their purpose of protecting the rights of appellants in case No. 4432 (Yett v. Cook, post) to a supersedeas of execution of the judgment there appealed from pending its appeal and the rights of the parties being disposed of by the determination of that case, the present original proceeding in the Supreme Court becomes a moot case only, and as such is dismissed. (P. 192.)

Original application to the Supreme Court by Yett and others for writs of prohibition, etc., against Cook and others, with motion for leave to file and for granting the writs sought.

This case grew out of the pending appeal in the case next following (No. 4432, Yett v. Cook) and sought to preserve the rights of appellants therein to a suspension of the execution of

the judgment of the trial court during the pendency of their appeal therefrom with supersedeas.

*Cofer & Cofer,* for relators.

The Supreme Court has power to issue the writ of prohibition or mandamus in this case. City of Houston v. City of Palestine, 114 Texas, 306; Staples, Secy. of State, v. State, Ex Rel. King, 112 Texas, 61.

Under Article 1714 Revised Statutes an appeal lies from a judgment awarding peremptory mandamus by a judge sitting in vacation. Glenn v. Milam, 114 Texas, 160, 263 S. W., 900.

That the execution of a judgment, awarding a peremptory writ of mandamus may be supended by a proper appeal bond is not an open question in this court. Churchill v. Martin, 65 Texas, 367; Griffin v. Wakelee, 42 Texas, 513; Waters-Pierce Oil Co. v. State, 107 Texas, 7.

Immediately upon filing the approved supersedeas bond, the judgment was superseded, and the writ of mandamus having already issued, respondents were entitled to a writ of supersedeas. R. .S. 2103. This *legal* writ of supersedeas cannot be stayed by an *equitable* writ of injunction. Hunt v. Oliver, 109 U. S., 177; 20 Encyc. Pl. and Pr., 1241; 22 Cyc., 1040; McFaddin v. Wiess, 168 S. W., 486; Ort v. Bowden, 148 S. W., 1145.

Relator, Cook, has not sufficient interest as citizen, taxpayer, or voter to maintain that mandamus suit to enforce the performance of a public duty in which he had no interest different from that of the public generally. Dickson v. Strickland, 114 Texas, 176, 265 S. W., 1019; Staples v. State, 112 Texas, 68.

A court will not on mandamus compel a public officer to violate the law. It is explicitly held that mandamus does not lie to compel an officer to violate a statute, even though it is only directory. Horton v. Pace, 9 Texas, 81; Puckett v. White, 22 Texas, 560.

To hold an election on February 2nd, 1925, is in plain violation of the Terrell election law as will be seen by examining the provisions of the statute relating to the poll lists.

*Paul D. Page, J. Harris Gardner, Ireland Graves and D. K. Woodward,* for respondents.

Jurisdiction of the suit for mandamus filed in the District Court has been acquired by the Court of Civil Appeals at Austin as the result of the appeal to that court perfected by relators herein. R. S., Articles 2084, 2101.

The jurisdiction of the Court of Civil Appeals at Austin has been invoked by relators herein by filing in that court a petition substantially identical with the petition here sought to be filed, of which petition the Court of Civil Appeals took jurisdiction and upon which, after hearing, it entered an order. By that order the Court of Civil Appeals has determined that the judgment in the District Court was a final judgment from which an appeal lies to the Court of Civil Appeals, and that the appeal has been perfected with a supersedeas.

Such being the situation, this court has no jurisdiction to vacate or modify judgment of the Trial Court or of the Court of Civil Appeals by mandamus. See Glenn v. Milam, 114 Texas, 160, 263 S. W., 900.

The judgment or order of the Court of Civil Appeals is in full force and effect and in all things binding upon this respondent and the other respondents named in said petition sought to be filed, and no orders or decrees of this or any other court are necessary or proper to enforce compliance by the respondents named with such judgment or order.

The only portion of such judgment or order of the Court of Civil Appeals of which relators named in the petition sought to be filed can complain is that portion thereof wherein the Court of Civil Appeals holds that the District Judge had the power to issue the writ of temporary injunction, and that the issuance of such temporary injunction was a proper exercise of the jurisdiction of the District Judge.

The jurisdiction of the Court of Civil Appeals to hear and determine all appeals for interlocutory orders appointing receivers or trustees or such other interlocutory appeals which may be allowed by law is final. R. S., 1591, Subdivision 6.

The temporary injunction granted by the District Court is an interlocutory order from which an appeal lies to the Court of Civil Appeals alone under the terms of Article 4644 of the Revised Statutes and the judgment of that court is final.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This case is before us on motion by W. D. Yett, Mayor of the City of Austin, and other officials of the City, relators, for leave to file an original petition for writs of prohibition, mandamus, procedendo and injunction against Charles B. Cook, the Honorable George Calhoun, Judge of the Fifty-third District, and A. S. Philquist, Clerk of the District Court of Travis County.

It appears from the petition and exhibits that Mr. Cook filed a petition for mandamus in the District Court of Travis County, Fifty-third District, against the relators in this action and two other named parties as officers of the City of Austin, seeking a mandamus for the purpose of requiring them in their respective official capacities to call an election to fill certain offices as provided for in the charter of the City of Austin on the first Monday in February, 1925, and for other relevant purposes. This petition was presented to the Honorable George Calhoun, Judge of the Fifty-third District, on the 2d day of January, who set the same for hearing on the 6th of January, 1925, at two o'clock P. M. Notice of the hearing was issued and served, and in response to this notice the relators here who contested the application appeared, and after certain proceedings, not necessary to be here noted, a hearing was had in chambers, and on the 8th of January, 1925, a peremptory mandamus was granted against the relators in this action in their respective official capacities. The mandamus required them in effect to do and perform all things directed by the statutes of the State and the charter of the City of Austin necessary to the end that a general election be held in the City of Austin on the first Monday in February, 1925, for the purpose of electing five councilmen, who shall constitute the City Council of the City of Austin; and especially requiring "and commanding such respondents, and each of them, in their respective official capacities, to forthwith call such election for such date and issue and have posted notices thereof and at the times when such acts and things are required by law to be done respectively, to select election judges and other officials, designate voting boxes, furnish election supplies, and generally to do and perform all other acts required by law to be done and performed by them in their respective official capacities to the end that such election may be held upon such date." This judgment was rendered on the 8th day of January, 1925. On the same day, in the same cause, Charles B. Cook filed a petition, wherein he prayed that the judge "issue forthwith and immediately a temporary injunction requiring and commanding the said respondents in said mandamus proceeding (naming them) to immediately and forthwith call said election for the first Monday in February, 1925, and immediately and forthwith take all steps and do all things that may be requisite or necessary in order that the said election may be properly and duly held in accordance with law, and further commanding and directing and ordering them forthwith and immediately to carry out, perform

and obey the order and mandate of said writ of mandamus above referred to, until and unless they shall be otherwise ordered by the judge of this court or by some other court having superior jurisdiction." This petition for temporary injunction, which in its legal effect was a motion for an injunction in the same case, was immediately heard and granted by Judge Calhoun. A bond was required, which was given, and the injunction we presume issued. At any rate, the fiat endorsed on the petition providing for a bond named the respondents there, who are the relators in this action, and said that said respondents "are hereby ordered and commanded, until otherwise ordered by the judge of this court, or by this court, or by a court of superior jurisdiction, to proceed without delay to carry out and perform and observe the orders and mandates of said writ of mandamus issued as aforesaid by the judge of this court on the 8th day of January, A. D. 1925." That proper motion was made, notice of appeal given, and proper supersedeas bond given to supersede the judgment awarding the mandamus, are matters which are not questioned in the proceeding before us. These requisites of the law, in so far as this proceeding is concerned, were complied with by the relators here, who were the respondents in the trial court, in the proceedings we have just described.

The Supreme Court under the Constitution and Statutes of this State is clothed with power to exercise both appellate and original jurisdiction.

It is unnecessary to discuss the question as to whether or not we have jurisdiction to grant the relief prayed for in the petition under our appellate power, for the reason that we have concluded we may consider the petition under the original jurisdiction conferred on us by the Constitution and Statutes.

It is to be noted that the injunction issued by Judge Calhoun is purely ancillary and in aid of the judgment awarding peremptory mandamus. In fact, it may be said that the purpose of the injunction was to require obedience to the mandamus, notwithstanding the fact that the relators might supersede the mandamus judgment on appeal. The petition of Mr. Cook, which expressly stated it was "Proceeding Ancillary" to the mandamus suit, on which the injunction was granted, after reciting that he had been awarded a mandamus against the relators in this case, set forth that unless the writ of mandamus was forthwith complied with, and the respondents in that action (relators here) proceed immediately to order the election and

take the steps required by law in obedience to the mandamus, the relief granted him by the mandamus judgment would be wholly denied, as the result of delay. The petition recited that the relators here had announced, in connection with the mandamus proceeding, their intention to appeal from the order granting the writ of mandamus, and alleged that if such an appeal was taken from the order awarding the writ, the delay necessarily incident thereto would render wholly ineffectual and would totally destroy the effect of the judgment.

The prayer for injunction was consistent with the purposes of the petition just stated, and the fiat of the judge endorsed on the petition expressly commands the relators here *"to proceed without delay to carry out and perform and observe the order and mandates of said writ of mandamus."*

It is plain that the only purpose and effect of the injunctive order was to enforce and execute the judgment awarding the peremptory writ of mandamus, although the relators should appeal the case and supersede the same.

The writ of mandamus is but the *"means"* or *"execution"* to enforce the judgment in favor of those to whom the writ has been awarded. Milliken v. City Council of Weatherford, 54 Texas, 388, 391, 38 Am., 629; Thorne v. Moore, 101 Texas, 205, 209, 105 S. W., 985; Ency. of Pleading, Vol. 20, Secs. 1240, 1241.

The statute of this state, Article 2101, after making provision for a supersedeas bond, in Article 2103 declares the effect of the filing of such bond. It reads:

"Upon the filing of the bonds mentioned in the two preceding articles the appeal or writ of error shall be held to be perfected *and the execution of the judgment shall be stayed; but should execution have been issued thereon, the clerk shall forthwith issue a supersedeas."* (Italics ours.)

It is the settled law of this State that a judgment awarding a peremptory writ of mandamus is within the provisions of the statute quoted, and may be appealed from and superseded. Glenn v. Milam, 114 Texas, 160, 263 S. W., 900; Griffin v. Wakelee, 42 Texas, 513. In the last case cited this Court said:

"The only question in this case is whether a judgment of the District Court awarding a peremptory mandamus for the restoration of the plaintiff to an office can be superseded or suspended by an appeal to this Court. This question, we are clearly of the opinion, must be answered in the affirmative. Such, we believe, has been the uniform usage and practice in mandamus cases ever since such proceedings as this have been

authorized in the District Court.  *  *  *  *  It must follow, as no distinction is made by the law authorizing an appeal in this and other cases, that the judgment of the District Court may be superseded by an appropriate bond for this purpose, pending the appeal in this Court."

This doctrine was adhered to by this Court in the case of Churchill v. Martin, 65 Texas, 367, where this Court, citing the Griffin case, supra, said:

"That the execution of a judgment awarding a peremptory writ of mandamus may be suspended by a proper appeal bond, is not an open question in this Court."

See also 26 Cyc. p. 506; Corpus Juris, Vol. 3, Secs. 1446, 1448; Ency. of Pleading, supra.

The effect of a supersedeas was reaffirmed in the case of Waters Pierce Oil Co. v. State, 107 Texas, 1.  The question involved there was not a peremptory writ of mandamus, but whether or not the appointment of a receiver had been suspended by the supersedeas bond upon appeal.  This Court held that it had been, and, among other things, in an opinion by Justice Brown, after quoting the supersedeas statute, said:

*"This is plain language that can not be construed, because its meaning is as definite as could be expressed to the effect that, when the appellant or plaintiff in error complies with the law, the judgment can not be enforced during the pendency of the appeal.  It only needs to be said that the law applies to this case, and the enforcement of the order appointing the receiver was suspended by the appeal.* Williams v. Pouns, 48 Texas, 141; Street Ry. Co. v. Street Ry. Co., 68 Texas, 163, 7 S. W., 381; G. C. & S. F. Ry. Co. v. Ft. W. & N. O. Ry. Co., 68 Texas, 98, 2 S. W., 199, 3 S. W., 564; Griffin v. Wakelee, 42 Texas, 513; Stone v. Spillman's Admx., 16 Texas, 432; Beach on Receivers, Sec. 117." *(Italics ours.)*

It is well settled that a court of equity has jurisdiction to carry into effect its own orders, decrees and judgments, which remain unreversed when the subject matter is between the same parties in both proceedings.  Root v. Woolworth, 150 U. S., 401, 410-411, 37 L. Ed., 1123, which cites and quotes Story's Equity Pleading (9th Ed.), Sec. 338.  But nowhere is it found that an injunction or writ of assistance may be issued having for its purpose the nullification of rights of a party obtained by filing a supersedeas bond.

In the case of Hunt v. Oliver, 109 U. S., 177, 27 L. Ed. 897, the motion was for a writ of supersedeas to stay the execution

of a writ of assistance issued by the Circuit Court after an appeal to the Supreme Court of the United States, the purpose of the writ of assistance being to put the appellee in possession of a part of the property involved in the litigation below. The Supreme Court of the United States held that the motion for writ of supersedeas must issue, since on appeal a supersedeas had been perfected, and that by perfecting the supersedeas the writ of assistance complained of was stayed. The Court ordered that a writ of supersedeas issue.

Therefore, the record which confronts us on this application shows a judgment entered by the District Judge in chambers awarding a peremptory writ of mandamus, from which judgment appeal has been taken to the Court of Civil Appeals and a supersedeas bond given, which has the effect of suspending the execution of the judgment awarding the writ of mandamus.

The contention is here made that the Court of Civil Appeals has not issued such orders or taken such action as will make effective in favor of the relators here the supersedeas which has been given by them, and that this Court should take action, and that for such purpose this Court has jurisdiction to issue the processes prayed for in the petition.

We will now consider the question of the validity of the injunctive order.

An injunction has been held not to be an appropriate remedy for enforcing or executing a judgment awarding a peremptory writ of mandamus against a public officer. High on Injunctions, (4th Ed.), Vol. 2, Sec. 1328. Without determining that question as to all cases, in the instant case we think the injunctive order was absolutely void. As heretofore shown, the injunction was applied for for the purpose of rendering ineffective the appeal and supersedeas which might be taken as against the judgment awarding the peremptory mandamus, and its purpose and effect was simply an attempt to nullify the rights of the relators granted them by the statute permitting them to supersede the mandamus judgment. It is true that Subdivision 2 of Article 4643 provides that an injunction may issue "where, pending litigation, it shall be made to appear that a party (is) doing some act respecting the subject of litigation, or otherwise, or is about to do some act, or is procuring or suffering the same to be done in violation of the rights of the applicant, which act would tend to render judgment ineffectual." It is apparent from this that in order for a judge of a court to have power to issue an injunction pending litigation, the acts sought to be enjoined

must have two qualities: first, they must *"violate some rights of the applicant;"* and second, these acts must *"tend to render judgment ineffectual."* It is plain that the acts of the respondents here in giving a supersedeas bond did not *"violate some rights of the applicant,"* for the reason that the statute gave the respondents the right of supersedeas. The act of filing the supersedeas bond was a lawful act, and did not "violate any rights of the applicant" nor "tend to render judgment ineffectual," except in a manner provided by law. The trial judge was without power and authority or jurisdiction to enjoin the relators from superseding the mandamus order or require its performance after it was superseded.

We will now discuss the question of our jurisdiction to entertain the petition in this case.

Section 3 of Article 5 of the Constitution in part provides:

"The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State."

This provision has been made the basis of legislative enactments, in part by Article 1526 of the Statutes, which reads:

"The Supreme Court, or any Justice thereof, shall have power to issue writ of habeas corpus as may be prescribed by law; and the said Court, or the Justice thereof, may issue writs of mandamus, procedendo, certiorari and all writs necessary to enforce the jurisdiction of said Court; and said Court may issue writs of quo warranto or mandamus agreeable to the principles of law regulating such writs against any District Judge, or Court of Civil Appeals or Judge of a Court of Civil Appeals, or officer of the State government, except the Governor of the State."

It will be noted that this Article authorizes the issuance of the writ of mandamus "according to the principles of law regulating such writs."

These provisions of the Constitution and Statutes are but declaratory of and are to be construed in the light of the common law. They mean that the writ of mandamus may issue in all cases when courts of law or equity under settled rules would have the power to issue them. See Thorne v. Moore, 101 Texas, 205, 208, 105 S. W., 985.

Writing with reference to constitutional and statutory provisions providing for writs of mandamus, an accepted authority states in substance that in general it may be said that the

common law rules prescribing the occasion when the writ of mandamus may issue are to be applied, unless modified by statute. 26 Cyc., 186, 188.

We will first examine the elementary authorities for the purpose of ascertaining in a general way when superior courts having supervisory power over inferior ones may award writs of this character.

The writ of mandamus is of ancient origin and many uses.

See Chapters 1 and 2 of High's Extraordinary Legal Remedies, (2nd Ed.). It issues for many reasons against inferior courts. Chapter 3, supra.

Cyc. lays down the general rule with reference to this writ as follows:

"While a writ of mandamus will not as a general rule issue to review an exercise of judicial discretion, it may be employed to compel an inferior tribunal to act or to exercise its discretion, although the particular method of acting or the manner in which the discretion shall be exercised will not be controlled. But as a general rule it will not issue for this purpose where there is a remedy by appeal or other method of review. In some cases, however, mandamus may be employed to correct the errors of inferior tribunals and to prevent a failure of justice or irreparable injury where there is a clear right, and there is an absence of any other adequate remedy; and it may also be employed to prevent an abuse of discretion, or an act outside of the exercise of discretion, or to correct an arbitrary action which does not amount to the exercise of discretion." 26 Cyc, p. 190; Gouhenour v. Anderson, 35 Texas Civ. App., 569; 81 S. W., 104; 18 R. C. L., p. 295; Virginia v. Rives, 100 U. S., 313, 329, 25 L. Ed., 667.

In the last case cited, the Supreme Court of the United States describes the general and common law use of the writ as follows:

"It is well settled that the writ of *mandamus* will issue to correct the action of subordinate or inferior courts or judicial officers, where they have exceeded their jurisdiction, and there is no other adequate remedy. 'It issues,' says Blackstone, 'to the judges of any inferior court, commanding them to do justice according to the powers of their office, whenever the same is delayed. For it is the peculiar business of the Court of King's Bench to superintend all inferior tribunals, and therein to enforce the due exercise of those judicial or ministerial powers with which the crown or the legislature have invested them; and this not only by restraining their excesses, but also by quick-

ening their negligence and obviating the denial of justice.' 3 Bl. Com. 110.

"It is in accordance, therefore, with the principles and usages of law that this court should issue a *mandamus* in the cases here enumerated, and thus supervise the proceedings of inferior courts where there is a legal right and there is no other existing legal remedy."

Cyc. gives various instances of the use of the writ, illustrative of the general principles declared, some of which, with concurring authorities, are cited below:

26 Cyc, pp. 190, 192, 198, 201, 202, 204, 206, 207, 208, 209, 210, 211, 216; Ruling Case Law, Secs. 229 to 234, 256, 235, 264, 255, 253, 248, 242, 254, 240, 241, 246.

Without approving or disapproving all the rules announced in the citations above, we direct attention thereto for the purpose of illustrating the general use of the writ of mandamus by superior courts to control the action and judgment of inferior courts. The decisions of this Court are however, in harmony with the fundamental principles underlying the uses of the writ which the texts cited declare.

In the case of Arberry v. Beavers, 6 Texas, 457, 464, 55 Am. Dec. 791, this Court, in an opinion by Associate Justice Wheeler, particularly stated the purpose of the writ of mandamus in the following language:

"This process, in modern practice, is regarded as an action by the party on whose relation it is granted to enforce a private right, *when the law affords no other adequate means of redress.*

"It lies to compel public officers and courts of inferior jurisdiction to proceed to do those acts which clearly appertain to their duty. But it does not lie to instruct them as to the manner in which they shall discharge a duty which involves the exercise of discretion or judgment. The distinction seems to be that if the inferior tribunal has jurisdiction, and refuses to act or to entertain the question for its decision, in cases where the law enjoins upon it to do the act required, or if the act be merely ministerial in its character, obedience to the law will be enforced by mandamus where no other legal remedy exists. But if the act to be performed involves the exercise of judgment, or if the subordinate public agent has a discretion in regard to the matter within his cognizance, and proceeds to exercise it according to the authority conferred by law, the superior court cannot lawfully interfere to control or govern that judgment or dis-

cretion by mandamus. (19 Johns. R., 259; 13 Pick. R., 225.) *(Italics ours.)*

Justice Wheeler added however, that the abuse of judicial discretion might be of such a nature as to warrant the issuance of the writ, saying:

"I do not doubt that a public officer or inferior tribunal may be guilty of so gross an abuse of discretion or such an evasion of positive duty as to amount to a virtual refusal to perform the duty enjoined or to act at all in contemplation of law, and in such a case a mandamus would afford a remedy *where there was no other adequate remedy provided by law.* (2. McC. R., 171). *(Italics ours.)*

The views expressed in the last expression were reiterated by Justice Wheeler in his concurring opinion in Meyer v. Carolan, 9 Texas, 250, 255.

The doctrine that one of the great objects of the writ of mandamus is to prevent the failure of justice where there is no established specified remedy, has been adhered to by this Court. Milliken v. City Council, 54 Texas, 388, 391, 38 Am., 629; Texas-Mexican Ry. Co. v. Locke, 63 Texas, 623.

That this Court has power to require a district court or judge to proceed to trial and judgment, is settled by the statute, (Art. 1528), and the decisions of the Court. Aycock v. Clark, 94 Texas, 375, 60 S. W., 665; Burgemeister v. Anderson, 113 Texas, 495, 259 S. W., 1078.

Mandamus will be awarded by the Supreme Court to require the entry of judgment upon a valid verdict. Lloyd v. Brinck, 35 Texas, 1; Aycock v. Clark, supra; Texas Tram & Lumber Co. v. Hightower, 100 Texas, 126, 6 L. R. A. (N. S.) 1046, 123 Am. St., 794, 96 S. W., 1071.

The writ may issue for process to enforce a judgment where the clerk has issued a writ of supersedeas without authority of law. Moore v. Muse, 47 Texas, 210. See also Earle v. Johnson, 31 Texas, 164.

Under the statute which gives the Court of Civil Appeals authority to issue the writ of mandamus to compel district courts to proceed to trial and judgment, mandamus issued to compel the court to vacate an order denying a new trial and to retry the case under named circumstances. Schintz v. Morris, 13 Texas Civ. App., 580, 35 S. W., 516, 825, 36 S. W., 292.

In the case of G. C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 4 A. L. R., 613, 207 S. W., 897, the District Court, after entering judgment, on motion granted a new trial, and later entered

a decree vacating the order granting the new trial. The validity of the decree vacating the order granting the new trial came before this Court on petition for mandamus to compel the trial judge to disregard the order granting the new trial and enforce the original judgment as entered. This Court granted the writ, saying:

"We conclude that, on the facts shown by this record, the extension of the January, 1917, term had not expired when the court, on October 5, 1917, vacated the order for a new trial, and hence the final judgment on the verdict of the jury is in full force and effect.

"And we have no doubt that the defendant is entitled to enforce by mandamus his clear legal right to have the reinstated judgment respected and enforced. It is no sound objection to the award of the mandamus that the defendant might finally secure a review of an adverse judgment following a retrial, by means of appeal to the Court of Civil Appeals and writ of error to the Supreme Court. For, it has been the law of Texas since Bradley v. McCrabb, Dallam, 507, that the writ of mandamus 'will not only issue in cases where the party having a specific legal right has no other legal operative remedy, but when the other modes of redress are inadequate or tedious the writ will be awarded.' Not only would the remedy to defendant of appeal and writ of error, after another trial, be manifestly tedious, but such remedy would also be inadequate; for it is the very essence of defendant's right that it is entitled not to have to respond further to plaintiff's cause of action than by payment of his judgment. Justice Ramsey, in speaking for the court in Wright v. Swayne, 104 Texas, 444 (140 S. W., 222, Ann. Cases, 1914B, 288), said: 'If the court should wilfully refuse to execute its own judgments according to their true intent and effect, we would have the authority and it would be our duty to direct it to proceed to execute the judgment and sentence of the law.' "

In the case of Pierce Co. v. Watkins, 114 Texas, 153, 263 S. W., 905, this Court took jurisdiction of the petition for mandamus, and required the District Judge to vacate an order granting a new trial at a time when he had no power to grant the same, and directed him to give effect to the original judgment.

In the case of Terrell v. Green, 88 Texas, 539, 31 S. W., 631, the facts were that Terrell was County Attorney of Tarrant County; that county was a party to a certain suit pending before the district court, and the judge refused to permit Terrell to appear and represent the county. Terrell applied to this Court

for mandamus to compel the district judge to permit him to appear as county attorney in the case. The mandamus was awarded, this Court, among other things, saying:

"If a judge of the District Court or other officer, by the construction placed upon the law, deprives a citizen of an unquestioned legal right under circumstances that the citizen has no right of appeal, and therefore no other adequate remedy, then a court having power conferred upon it by law to issue a writ of mandamus has the right to review the judgment or decision of the trial court or officer upon such question."

In the case of Thorne v. Moore, 101 Texas, 105, 105 S. W., 985, upon a state of facts which this Court held authorized the District Judge to issue a mandamus in vacation, from which at that time there was no appeal, this Court took jurisdiction, but declined to grant the writ prayed for against the District Judge requiring him to vacate his order, "without undertaking any discussion of the extent of this power given this court." However, in the opinion we did say:

"It may be that this Court, through the power given to it to issue the writ of mandamus to the district judges, may give a remedy when there is no other, against the use of the writ by one of them in a case to which it is not properly applicable under the law."

The fact that we took jurisdiction in this case, together with the language quoted, clearly shows that the Court was of the opinion that we might have jurisdiction to grant a writ of mandamus to vacate an order of a District Court in a case in which that court had awarded a mandamus, where such award was not properly applicable under the law, and where, of course, the remedy by appeal was denied or not effective. The same intimation is clearly made in the cases of Hammond v. Ashe, 103 Texas, 503, 131 S. W., 539, and Dewees v. Stevens, 105 Texas, 356, 360, 150 S. W., We might cite other Texas cases showing that this Court has consistently followed the trend of judicial decisions on this question, but we think the above suffices.

We now pass to certain authorities which we think are directly applicable and show that we have jurisdiction to grant the relief prayed for in the petition.

The text of Ruling Case Law, Volume 18, in part reads:

Section 240. "The giving of judgment will be compelled by mandamus in order that an appeal or writ of error may lie therefrom. If an inferior court refuses to grant the right of appeal a writ of mandamus may be issued directing the court to

allow it.    Where an appellant has in due time taken all the necessary steps to perfect an appeal from the judgment of a justice of the peace, and the justice fails to send up to the appellate court the transcript, he may be compelled by mandate to do so, even after the expiration of the time limited for so doing.

Section 241.    "If a trial judge refuses to prescribe the penalty and condition of an appeal bond, mandamus is the appropriate proceeding to compel the performance of this duty.    So it will lie to compel a court to fix the amount of a bond to stay the operation of a writ of possession on an appeal."

To the same effect is Cyc., Volume 26, page 216, in which the text reads:

"Where not otherwise reviewable a wrongful supersedeas may be corrected by mandamus; but where the order is discretionary it cannot as a general rule be reviewed.    Where there is a clear right to supersedeas on appeal, mandamus will lie to compel the trial court to fix the amount of the bond."

These texts cite many supporting authorities in the notes, which are available.

On the subject of the right of a superior court to issue mandamus in order to secure the rights of a litigant to and on appeal, Merrill on Mandamus, Sec. 208, states the rule as follows:

"Where a party is entitled to an appeal from a decree or judgment against him, he may by the assistance of the writ of *mandamus* compel the allowance of such an appeal, the duties of the court in such case being merely ministerial.    The court will be required by this writ to do all acts necessary to make the right of appeal efficacious; to enter a *nunc pro tunc* order as of date of the motion; to make a record of the allowance of an appeal from a judgment of the probate court; to allow an appeal from the probate of a codicil to a will; to make out and deliver a transcript for the appeal or writ of error; and to entertain an application for the examination of an appeal bond, and, if found sufficient, to grant a *supersedeas*."

It is thus seen that there is apparently a unanimity of authority that a supervisory court, such as this Court, under the Constitution and the Statutes has the power to require an inferior court to grant, protect, and make efficacious the right of appeal and supersedeas.

In the case before us the District Judge has not only declined to do this, but has taken a positive step beyond his lawful power and jurisdiction to prevent the supersedeas and appeal of relators being effective by granting an injunction which prohibits

the exercise of rights guaranteed by the supersedeas statute. It is clear that under Article 1526 and under the Constitution we have the power to grant the relief prayed for in this case. The fact that application has heretofore been made to the Court of Civil Appeals for relief has no effect on our jurisdiction. G. C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 363, 4 A. L. R., 613, 207 S. W., 897.

The question here involved is whether the statutory rights of a litigant under a supersedeas may be nullified by the trial court by an injunctive order. It concerns more than the litigants in this case, and more than merely the respective contentions of the relator in the original suit, and those whose interests he may represent, and the relators here. It is of general public interest, affecting every court and litigant in this State.

We are of the opinion that the record presents a state of facts which, if true, would require us in the exercise of sound discretion to grant the relief prayed for in the petition. 18 Ruling Case Law, Sec. 15, states the general rule which governs the exercise of the discretion of superior courts:

"Though the state courts of last resort are given original jurisdiction to issue writs of mandamus, and under such a grant have in many instances exercised such jurisdiction frequently without their jurisdiction being questioned, it does not follow that such courts whose principal function is to exercise appellate or supervisory jurisdiction will assume orginal jurisdiction in all cases in which their aid may be sought and which otherwise may be a proper case for the use of the remedy. And in this connection the established rule seems to be that as original jurisdiction is conferred in order that the court of highest authority in the state should have the power to protect the rights, interests, and franchises of the state, and the rights and interests of the whole people, to enforce the performance of high official duties affecting the public at large, and, in emergency (of which the court itself is to determine), to assume jurisdiction of cases affecting local public interests, or private rights, where there is no other adequate remedy, and the exercise of such jurisdiction is necessary to prevent a failure of justice, the court is vested with a sound legal discretion to determine for itself, as the question may arise, whether or not the case presented is of such a character as to call for the exercise of its original jurisdiction.

Leave is granted to file the petition, and writs of prohibition and injunction will issue staying and enjoining any action under the injunction described in the petition until further orders of this Court upon final hearing.

ON FINAL DISPOSITION.

MR. CHIEF JUSTICE CURETON:

This case was before us last term on an application for leave to file a petition for mandamus. We permitted the petition to be filed, and now refer to our opinion then rendered for a statement of the case. 268 S. W., 715.

The principal case, W. D. Yett, Mayor, et al. v. Charles B. Cook, et al. No. 4432, is now before this Court, and we have disposed of it by an opinion this day delivered but not yet officially reported. There no longer exists any reason for considering the above named application for mandamus, as the rights of the relators in that case have been respected and protected thus far in the litigation, and may be protected by us, if necessary, in the main case this day dismissed.

This case, the mandamus suit, is therefore moot and is dismissed. The costs, however, will be taxed against the respondent, Charles B. Cook.

Opinion delivered February 3, 1926.