**CITY OF NORTH RICHLAND HILLS et al., Appellants,**

v.

**Calvin LUPER et al., Appellees.**

**No. 16617.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 4, 1964.

Rehearing Denied Jan. 15, 1965.

Dawson H. Davis, Fort Worth, for appellants.

Glenn Goodnight, Christopher & Bailey, and T. S. Christopher, Fort Worth, for appellees.

PER CURIAM.

Dispute in the matter before us relates to the obligation to pay costs in a case which has become moot.

The situation out of which the litigation in the trial court was born had considerable similarity to that which existed in Yett v. Cook. See Yett v. Cook, 115 Tex. 175, 268 S.W. 715, 281 S.W. 843 (1925); Yett v. Cook, 274 S.W. 196 (Austin Civ. App., 1925, reversed at 115 Tex. 205, 281 S.W. 837); and Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926). In this case there was a certain reluctance on the part of the governing authorities of the City of North Richland Hills, an incorporated municipality, to order an election—in any event to order that it be held on date of Tuesday, November 3, 1964.

Calvin Luper, as chairman and in behalf of himself and others of the Charter Commission of the City of North Richland Hills, sought recourse by way of petition for writ of mandamus in a District Court of Tarrant County. No question was ever raised relative to their right in law so to do. They were successful in obtaining the judgment and writ. Thereby the City and its governing authorities were commanded to do all things necessary to provide by ordinance for the holding of an election on November 3, 1964 to determine whether a proposed Home Rule Charter should be adopted, and to comply with all other requirements of Vernon's Ann.Tex.St., Arts. 1166 and 1167, of Title 28.

An appeal was perfected to this court. There is some question existent concerning whether this was accomplished by the City, et al. In any event notice of appeal was given and cost and supersedeas bonds filed by them. (There is some argument about

the necessity of bonds—deemed immaterial for our purposes.) No further action was taken; that is, the City and its governing authorities did not proceed to obtain and file in this court any transcript or statement of facts. As eventually occurred, there was a yielding on their parts to the judgment of the district court. In obedience thereto the election sought by Calvin Luper et al. was in fact held on November 3, 1964, coupled with action either directly taken or by way of the ratification of action of others in validation of the elective procedure.

Fearful, however, that the preliminaries requisite to the holding of a valid election on November 3, 1964, would not be and could not be complied with if the "time table" for appeal be not accelerated—and action sustaining the trial court not obtained with unusual promptitude,—Calvin Luper et al. voluntarily obtained the transcript and statement of facts and filed them in this court, depositing costs in the amount ordinarily to be obtained from an appellant. Yet Calvin Luper et al. were not appellants. It is obvious from the record that they obtained everything they desired in the trial court.

In this court the City of North Richland Hills and its governing authorities never claimed the benefit of the action so taken, i. e., of the transcript, statement of facts, or cost deposit. They have answered the motion of their adversaries to affirm the judgment of the trial court, tax costs and fix damages. Appended is their prayer that "this appeal be dismissed and vacated, that the proceedings out of which this controversy arose be vacated and set aside, that said cause be dismissed and that the judgment of the trial court be reversed, that all costs herein and in the trial court be taxed against the party incurring same; * * *."

The subject matter purporting to constitute the question to be decided on appeal is moot. Propriety of appeal is not decided. Neither is there any decision on the merits, either as applied to the appeal or to the cause of action. Proper action by this appellate court is entry of an order dismissing the appeal. In such a case, and where the parties have not agreed upon the matter of responsibility for costs, the usual order directs that costs of appeal be paid by the party incurring them. This is in accord with Texas Rules of Civil Procedure, rules 125 and 127 relative to the liability of a litigant to the officers of the court for costs. We see no reason for a departure from the usual in the instant situation. It is so ordered.